JAMES *vs.* DELEVAN.

A rule for *discontinuance* after appearance, is inffectual without payment of
the defendant's costs; and if such costs when taxed are not paid, the defend-
ant may proceed in the suit notwithstanding the rule for discontinuance,
and is not bound to make up a record of discontinuance and collect his
costs, as on a judgment of non-pros.

COSTS on discontiuance. After a rule for *reference,* the    March, 22.
plaintiff entered a rule in the common rule book for *discontin-
uance,* with costs against the plaintiff, and served a notice of

such rule on the defendant, who, after receiving the same, taxed his costs and demanded payment, and the plaintiff refusing to pay, the defendant noticed the cause for *hearing* before the referees; whereupon the plaintiff obtained an order staying the proceedings, and now asked for a rule making such order absolute, except that the defendant have leave to tax his costs and make up and file a record of discontinuance, and collect his costs as in case of judgment of non-pros or nonsuit.

*M. T. Reynolds,* for the motion.

*J. King,* contra.

*By the Court,* SAVAGE, Ch. J. The proceedings of the defendant have been regular. The plaintiff cannot discontinue without payment of costs. This is conceded; but how are the costs to be liquidated and paid? The plaintiff contends that the defendant must make up a record of discontinuance, and tax his costs, and collect them as he would upon a judgment of non-pros or non-suit. On this subject I have not found any case in our own court. We have said that the discontinuance is not complete until the costs are paid, and that the rule without payment of costs, is a nullity. 1 Wendell, 13. Perhaps the latter expression is not strictly correct, but certainly the rule is ineffectual as a discontinuance until payment of the costs. The English practice, according to Archbold, is to enter the rule to discontinue, where the plaintiff is entitled to do so, without special leave of the court; it is there called a side-bar rule: " Take it," says Archbold, " to the master, and get an appointment to tax the costs, serve a copy of the rule and appointment on the defendant's attorney, attend at the time appointed, and the master will tax the costs." These costs must be paid forthwith; for until paid, the action is not discontinued. According to Sheridan, if the defendant's attorney does not attend on the third appointment by the master, he will tax the costs *ex parte.* We have no such officer, nor such practice; and no question on that point can arise in this case. The defendant's attorney taxed his costs and de-

manded payment; had they been paid, the plaintiff's discontinuance would have been complete; without payment, the defendant was at liberty to proceed and give the notice he did. Sheridan's Pr. 535. 2 Archb. Pr. 207, 8, 9. 1 Paine & Duer, 641. 4 Maule & Sel. 153, 4.