Lott, Senator.
The principal question in this cause is, whether the rule for discontinuing the first suit Was effectual without paying the costs of the defendants, who had previously retained an attorney, but of which no notice had been given to the plaintiffs.
The general rule is conceded to be, that a discontinuance without paying the costs is a nullity; but it is insisted that, by our statute regulating costs, no costs are allowable until after an actual appearance.
It is undoubtedly true that no judgment for costs can be given against the plaintiff, in favor of the defendant, before he has appeared. (2 R. S. 615, § 16.) That rule, however, applies only where there is a judgment, and it is well settled that in general a party cannot have a judgment in his favor until he is in court. Previous to the above enactment, costs on a judgment of discontinuance were not given to a defendant, until after a declaration had been put in. (2 Laws of N. Y., by Jones & Varick, p. 24, § 10; 1 Laws of N. Y., by Kent & Radcliffe, p. 531, § 11; 1 R. L. 345, § 11.) The same provision will be found in the statute of 8th Elizabeth, c. 2, § 2.
These provisions do not seem to me to be applicable to eases like the one in question. They contemplate a discontinuance by adverse proceedings, and although a party may proceed to a recovery of his costs by judgment, on a voluntary discontin-uance, yet he is not obliged to do so, and can treat it as a nullity if his costs are not paid. (Jones v. Delavan, 7 Wendell, 511.) The rule is founded on the principle that, after a suit is commenced, all proceedings therein are had before the court, and the rules entered are entered by order of the court. In many cases special application is necessary; but for the convenience of suitors, the courts sometimes authorize the party, upon his motion, to enter a side bar rule upon certain terms and conditions, with the same force and effect as if made by their special *522 order. Rules for discontinuance are permitted by the court to be thus entered, but always upon the payment of costs. The • right to costs in such cases is not dependant on the statute, but is imposed as one of the terms on which the discontinuance is to be effected. Accordingly, it will be seen that the decisions in our courts, declaring a discontinuance to be a nullity unless the costs of the defendant are paid, are made irrespective of the question whether a declaration had been put in, which was necessary, as I have before remarked, to entitle a party to a judgment for costs under the old statutes. (See McKenster v. Van Zandt, 1 Wendell, 13; Leonard v. Slaughter, 10 Johns. Rep. 367.) The same rule has prevailed under the English statute. (See Molling v. Buckholtz, 3 Maule & Selw. 153; Belifante v. Levy, 2 Strange, 1209; 2 Sell. Pr. 334.)
Nor is it unreasonable that it should be so. The plaintiff has brought the defendant into court. If costs are incurred, they have arisen through his act; and'if, after bringing a party into court, and subjecting him to costs, the plaintiff elects to discontinue, he ought to notify the defendant, and ascertain whether he has incurred any costs. The defendant has been called on to defend himself. He has a right and is bound to obey the summons, and is at liberty to act in conformity thereto; and it is proper that he should be indemnified against his costs incurred if the proceeding is withdrawn, before the plaintiff shall have the liberty to expose him a second time to a similar vexation.
I think, therefore, the judgment of the supreme court ought to be affirmed.
Senator Wright also delivered an opinion in favor of affirming the judgment of the supreme court, concurring in the reasons assigned by Senator Lott.
Porter, Senator.
The only question which was passed upon by the supreme court, as appears by the opinion annexed to the case, was whether a former suit between the same parties and for the same cause' of action was still pending when this *523 suit was commenced, and that depends upon the efficacy of the rule to discontinue which the plaintiffs had entered in the former suit.
The right of a party litigant to costs depends in all cases upon
the provisions of the statute, and in every instance in which the legislature have deemed a party entitled to costs against his antagonist, a specific provision has been made to that effect. The statute upon this subject (2 R. S. 615, § 16) declares, that in all actions in which the plaintiff would be entitled to costs upon a judgment rendered in his favor, if, after the appearance of the defendant, such plaintiff be nonsuited, discontinue his suit &c., the defendant shall have judgment to recover his costs. This is clear and explicit, and limits the defendant’s right to costs, where the plaintiff discontinues, to those cases in which the defendant has appeared.
There is no dispute as to what amounts to an appearance under the present practice of our courts. A service of notice of retainer from the attorney of the defendant, upon the attorney for the plaintiff, would be an appearance within the statute. The supreme court has decided, in Robinson v. Taylor, (12 Wend. 191,) that a plaintiff, who discontinues his suit after the defendant has retained an attorney, though before he serves notice of retainer, is bound to pay costs. I cannot reconcile this decision with the statute. That allows costs in such cases only after appearance. The supreme court have allowed costs before appearance, on a simple retainer, and I think without authority. Nor can I see any reason why the plaintiff should pay costs in such a case. He has no knowledge that any costs have been made, nor that the defendant has retained an attorney. Nor is it clear that any costs have been made until service of notice of retainer by the defendant’s attorney, He has not performed any service for his client as his attorney, and how could he have any claim upon him for services as his attorney in that suit? Such dormant claims for costs should not be countenanced, unless upon the plain authority of the statute.
The facts in this case illustrate the propriety of the statute provision. The first suit was commenced on the 24th day of *524 February, 1841. On the 25th of the same month, the defendants retained an attorney to defend, On the 24th of March, the plaintiff’s attorney, hot having received any notice of retainer, entered his rule to discontinue the suit without costs. Here a month had elapsed, and no step had been' taken by the defendants or their attorney, as far as the plaintiffs could know. After the 24th of March, but at what time I do not find stated in the case, they commenced the present suit, and'subsequently to that time, and before the plea in this cause was served, the defendants’ attorney served notice of retainer in the first suit. The rule was effectual to discontinue the suit on the 34th of March, or -it was void.' If costs were then due, it is settled that the rule to discontinue would be of no avail, except upon the payment of those costs. (James v. Delavan, 7 Wend. 511, and the cases there cited.) But if the defendants then had no claim to costs, I cannot perceive how a subsequent service of notice of retainer could give them such a claim.
In my opinion the first suit was legally discontinued without payment of any costs to the defendants, and that the judgment of the supreme court should be reversed.
Senators Barlow, Clark and Put$tam also delivered opinions in favor of reversing the judgment of the supreme court, concurring in the reasons assigned by Senator Porter. And
On the question being put, “Shall this judgment be reversed?” the members of the court voted as follows:
For reversal: Senators Backus, Barlow, Bocrpe, Burn-ham, Clark, Denniston, Johnson, Mitchell, Platt, Porter, Putnam, Rhoades, Scott, Smith and Strong—15..
For affirmance; Senators Hard, Lott, Varney and WjaiqijT—4-.
Judgment reversed.