SLOCOMB, v. THATCHER.

———◆◆———

## SAMUEL SLOCOMB, VS. ERASTUS THATCHER.

PLAINTIFF may discontinue suit by common order, on payment of costs. Discontinuance takes effect on entry and service of common order, subject to condition subsequent, that the plaintiff p y the costs when they are afterwards taxed.

*Saginaw Circuit Court, June 25th,* 1869,

Plea in abatement of former suit, in same cause, pending. Replication that former suit had been discontinued. Rejoinder denying the discontinuance.

This suit was commenced Dec. 23d, 1868, immediately after entering and giving notice of order discontinuing the former action. The rule to discontinue, was on payment of costs, and an offer to pay them accompanied the notice of the order to discontinue. No costs have been taxed and none paid.

*H. H. Hoyt,* for Plaintiff.

*E. Thatcher,* for Defendant.

SUTHERLAND, J.—Rule 26 only allows a plaintiff to discontinue

by common rule on payment of costs; but as the costs have to be ascertained by taxation or otherwise, the plaintiff can not pay them unless the defendant takes the requisite steps to render the amount certain. The English practice enables the plaintiff to procure taxation on his own motion, and *exparte*, if the defendant does not choose to appear—but we have no such practice. *James, vs. Delevan,* 7 *Wend.* 511.

On payment of costs, the discontinuance takes effect from the entry of the rule. Under the English practice, if the costs are paid before replication to the plea in abatement, in the second action, the discoutinuance is seasonably consumated, to defeat he plea. *Brandt, vs. Peacock* 1, *Barn. & Cress.*, 649. As the plaintiff has it in his power to procure a taxation, he is properly and reasonably required to pay them before issue is joined in the plea; but under our practice, should the defendant take no steps, after notice of the rule to discontinue, to have the costs taxed, the plaintiff would be indefinitely prevented from commencing a fresh action, if he could not proceed before actual payment of the costs of the former one. When the plaintiff has entered and served a notice of the rule for discontinuance, it takes effect immediately, as a discontinuance, subject to the condition, which has all the qualities of a condition subsequent, that he pay the costs as sooon as they are taxed. In this case the defendant not having taxed the costs, they are not yet due and payable, and the rule for discontinuance must be held effectual. Judgment, that plaintiff recover his damages to be assessed. *Green's Pr.*, Sec. 524, p. 158.