ALBANY,
June, 1834.

WILDER *vs.* EMBER.

Robinson
v.
Taylor.

In a suit by an *infant*, a *prochein ami* must be appointed *before* the suing out of process.

THIS was a motion to set aside a writ *de homine replegiando*, June 5. sued out by an *infant*, without procuring the appointment of a *prochein ami*.

*By the Court*, NELSON, J. The motion must be granted, the revised statutes, 2 R. S. 446, § 2, requiring the appointment of a next friend *before* any process shall be issued in the name of an infant.

---

ROBINSON and others *vs.* TAYLOR.

A plaintiff who discontinues his suit *after* the defendant has retained an attorney, though *before* receiving notice of retainer, is bound to pay costs.

THE defendant served a plea, and the plaintiff neglecting to June 5. bring the cause to trial, a motion was made for judgment as in case of nonsuit. It appeared, that *after* the defendant had retained an attorney to defend the suit, but *before* service of notice of retainer, the plaintiff had entered a rule for discontinuance, and the plaintiff therefore insisted that the motion should be denied.

*By the Court*, NELSON, J. The discontinuance without payment of costs was a nullity. The defendant having, previous to the rule for discontinuance, incurred costs by the retainer of his attorney, the plaintiff, on discontinuing his cause, was bound to pay such costs. On receiving notice of retainer, he should have ascertained when the defendant's attorney was employed, and if employed before the entry of the rule for discontinuance, he should have paid the defendant's costs.

Motion granted.