FELLOWS & HAWES *vs.* NIVER.

*After* plea pleaded, a defendant is too late to move to set aside the plaintiff's proceedings on the ground that the suit is prosecuted without the appointment of a *prochein ami.*

AFTER plea pleaded, the defendant moved to set aside all proceedings on the part of the plaintiffs, on the ground that they are *infants*, and that the suit is

Broome County Bank v. Lewis.

prosecuted without the appointment of a *prochein ami.*  It was shown on the part of the plaintiffs, that a *prochein ami* had been appointed since the commencement of the suit, but notice of the appointment had not been given to the defendant.

*By the Court.*  The statute under which this motion is made is as [564] follows : "Before any process shall be issued in the name of an infant who is sole plaintiff in any suit, a competent and responsible person shall be appointed to appear as next friend for such infant in such suit, who shall be responsible for the costs thereof."  (2 *R. S.* 446, § 2.)  The former statutes of 1801 and 1813, after providing that warrants of attorney shall be taken before a judge of the court in which an action may be depending, contained this provision : " And when any infant shall sue, some next friend of such infant shall be admitted, in manner aforesaid, to sue for such infant ; and where such infant shall be impleaded, a guardian shall in like manner be appointed to defend for him."  (1. *R. L. of* 1813, 416, § 2.  1 *K. & R.* 220, § 2.)  Under these statutes and previous to the revision of 1830, it was necessary to obtain the appointment of a *prochein ami,* or next friend, before a declaration ; if it was not done, the defendant was not bound to plead.  It was stated in the commencement of the declaration that the plaintiff is an infant and sues by A. B., who is admitted by the court to prosecute for him as his next friend.  (2 *Archb.* 143.  2 *Saund.* 117. *f.*  1 *Dunlap*, 88.  *Graham's Pr.* 743.)  If, however, the infant plaintiff declared without a *prochein ami,* it could be taken advantage of by plea in abatement and not in bart, or by way of nonsuit upon the trial.  (*Graham's Pr.* 190.  2 *Saund.* 212, *a. n.* 5.)  In *Schermerhorn* v. *Jenkins,* (7 *Johns. R.* 373,) this court said that the infancy of the plaintiff was not a ground of nonsuit at the trial—the defendant should have pleaded it in abatement—that the defendant, by pleading *in chief,* admitted the due appearance of the plaintiff and joined issue upon the merits.  There is nothing in *Wilder* v. *Ember,* (12 *Wendell,* 191,) which conflicts with former practice.  There a writ had been issued, and the motion to set it aside was granted because a *prochein ami* had not been appointed according to the Revised Statutes ; but if in that case the defendant had pleaded to the merits, that decision would have been different.  The only difference between the former statutes and the present, is this : formerly the *prochein ami* was appointed after the issuing of the process, but before a declaration ; now it should be done before process ; [565] but now, as formerly, it is a question of *regularity* merely ; not, as the defendant's counsel supposes, a question of *jurisdiction.*  It is a question of practice, and the irregularity may be waived under the present statute as well as under the old statutes.  In both periods, the next friend must be appointed before declaration, and the appointment must appear in the commencement of the declaration.  The practice, after declaration, is the same now as formerly.  If this suit was commenced by writ, the defendant might have moved, before he pleaded, to have set aside the writ, as in the case of *Wilder* v. *Ember ;* but having pleaded to the merits, he has waived the irregularity, and admitted that the plaintiffs are *recti in curia.*  If he has any remedy now, it is not by motion.    Motion denied.