By the Court,
Bronson, J.
Although one of the defendants lived put of the jurisdiction of the recorder’s court, and was not served with the declaration in the first suit, that action was not a mere nullity, and I do not see how we can avoid reversing this judgment. It is settled that a rule to discontinue does not put an end to the suit until the costs are paid. (McKenster v. Van Zandt, 1 Wend. 13; James v. Delavan, 7 id. 511.) And this is so, although the defendant has only employed an attorney, and no notice of the retainer has been given at the time the rule to discontinue is entered, which was the case here. (Robinson v. Taylor, 12 Wend. 191.) When the plea in abatement in the second suit was received, the plaintiffs should have paid the costs of the first action before replying, and such payment would have related hack to the time the rule to discontinue was entered, which was prior to the commencement of the second suit. (Brandt v. Peacock, 1 Barn. & Cress. 649.) This would have avoided the difficulty. But the costs were not paid, and the first suit was consequently pending at the time of replying. Indeed, as the costs have never been paid, that action is pending still.
As the rule entered was, that the suit be discontinued without costs, it is said that it was conclusive upon the defendants until the rule should be set aside. ' But the cases to which I have referred show that the plaintiff cannot get rid of an action he has commenced, by entering an ex parte order to which he is not entitled. The defendant may treat the suit as still pending.
Judgment reversed.