Hull *v.* Peters.

ERIE GENERAL TERM, November, 1849.   *Mullett, Sill, and Marvin,* Justices.

## HULL and others *vs.* PETERS.

Where a *tender* is made, after the creditor has employed an attorney to bring a suit, who has filed a declaration, and mailed a copy to the sheriff, to be served, but before the same is served, it is sufficient for the debtor to tender the amount of the debt, without offering to pay the plaintiff's costs; especially if the debtor, at the time of making the tender, does not know, and is not informed by the creditor, that costs have been incurred. MARVIN, J. dissented.
*Retan* v. *Drew,* (19 *Wend.* 304,) overruled.

THIS action was commenced by the filing and service of a declaration, before the adoption of the code of procedure. The declaration was upon a judgment, and the defendant pleaded a tender, before suit brought. The plaintiffs replied that they had employed an attorney to bring this suit, who had, before the tender, filed a declaration in the office of the clerk of Allegany county, and sent by mail to the sheriff of New-York, a copy to be served; that these facts were known to the defendant, but the costs then incurred were not tendered. The defendant rejoined, denying that he knew, when the tender was made, of the proceedings for commencing the suit, and alledged that the plaintiffs omitted to inform him of them, and at that

time made no claim for costs ; that the sole reason given for refusing the tender was, that the plaintiffs did not know the amount of the judgment, upon which the suit was brought, and although the defendant informed them of the true amount, they still refused the tender, assigning no other reason for the refusal. The surrejoinder took issue upon the matter set up in the rejoinder. Upon the trial of those issues, the defendant had a verdict. The plaintiffs now moved for judgment *non obstante veredicto.*

*A. J. Hull & L. C. Peck,* for the plaintiffs.

*Wilkes Angel,* for the defendant.

Sill, J. The plaintiffs, to sustain this motion, rely upon the following cases, which, it is claimed, establish the doctrine that the tender pleaded in this case was not a defence to the action, because the costs which had been made about commencing a suit were not included in the tender. (*Hanmer* v. *Wilsey,* 17 *Wend.* 91. *Retan* v. *Drew,* 19 *Id.* 304. *Johnson* v. *Comstock,* 6 *Hill,* 10. *Brown* v. *Ferguson,* 2 *Denio,* 196.) In the first case cited, the question did not arise, although it is there said, that in such case costs should be tendered. The action was trespass for taking a horse. After the filing of a declaration and entry of a rule to plead, for the purpose of commencing a suit, the defendant returned the horse to the plaintiff's stable, who refused to receive him, and proceeded with the action. On the trial the defendant offered evidence of these facts in mitigation of damages. The point decided in that case arose upon this offer. The testimony was held inadmissible, but for reasons having no application to the case before us. If the horse had been returned and accepted by the plaintiff, it was, as a mere matter of mitigation, immaterial whether the return was before or after the suit was brought. In either case the return *and acceptance* would mitigate the damages. And in either case would such return and acceptance, with a tender

of costs, bar the action. All that was said in that case, which might otherwise be applicable to this, was *obiter dictum*.

In *Retan* v. *Drew*, however, the point was presented and decided. The action there was assumpsit, the plea tender before suit brought. The plaintiff replied that the tender was made after the declaration was filed, though before it was served, that the damages alone and no costs, were tendered. Upon demurrer to the replication the court held it good, upon the ground that the plaintiff was entitled to the costs of preparing to commence his suit. The distinguished judge who delivered the brief opinion of the court in that case said that the *action was not commenced* for all purposes, yet the plaintiff before the tender having employed an attorney, and incurred expense, and proceeding with all diligence to serve the declaration, the tender was insufficient without an offer to pay costs, and that *a different rule would work injustice*. The authorities cited for this opinion are 19 *Wend.* 91, 2 *John. Cases*, 145, and 2 *John. R.* 342. The first of these cases has been already examined and shown to have no applicability to this question. That in Johnson's Cases decides that the *isssuing of a capias* was the commencement of a suit, and that a demand against the plaintiff, acquired subsequently by the defendant, could not be made available as a set-off. The case in Johnson's Reports decides that an averment in a plea, that a cause of action was settled before the capias was sued out, is a good averment that the settlement was before the suit was brought. Thus it will be observed that we do not find any authority or precedent for the judgment in *Retan* v. *Drew*, and we shall not find it supported by subsequent adjudications. The case of *Johnson* v. *Comstock*, which is the next in order of those cited by the plaintiffs' counsel, was also commenced by the filing and service of a declaration, without the issuing of a capias ad respondendum. The declaration was filed and the rule to plead entered on the second day of June, 1838, and on the same day a copy was delivered to one Harrington to serve, but it was not served till the 8th day of June. On the 7th of June the defendant purchased a note against the plaintiff, which on the trial he offered as a set-off.

It will be recollected that the statute allows a set-off in those cases only in which the demand offered for that purpose is owned by the defendant when the action is commenced. The decision was that the action was not commenced till the eighth day of June, and that the set-off should be allowed. The point before us was not there presented, although the court took occasion to reassert the doctrine of *Retan* v. *Drew*.

In *Brown* v. *Ferguson*, the plaintiff had retained an attorney, who had drawn a declaration and sent it to be filed. Before it was in fact filed, the defendant tendered the amount of the debt and the costs which had been made, which the plaintiff's attorney refused to receive. The verdict was less than the principal sum tendered. The defendant, relying no doubt, on the decision and dicta above noticed, supposed that the suits must be treated as pending, for the purpose of making him chargeable with the plaintiff's costs. And he relied upon his tender as one made *after suit brought*, pursuant to 2 *R. S.* 553. § 20. The court, however, held otherwise; deciding that no suit was pending, and therefore the statute did not apply. They say, the plaintiff had incurred costs, which the defendant was bound to pay, "but the suit was not commenced until the declaration was filed and served." Some remarks of Mr. Justice Bronson, in *Hanmer* v. *Wilsey*, and in *Retan* v. *Drew*, were calculated to leave the impression that although a suit instituted by filing and serving a declaration was not for all purposes commenced, until the service was made, still it might be regarded as pending, for the purpose of determining the plaintiff's right to costs, as soon as expenses were incurred in good faith for the purpose of instituting it. But the same judge, in *Johnson* v. *Comstock*, disclaims such a construction of his remark, and there now exists no authority for saying that a suit commenced in this mode is to be regarded as pending, for any purpose, before the declaration is filed.

At common law a debtor has a right to tender the debt to his creditor, and if the tender is made before a suit is instituted for its collection, such tender is a bar to a recovery. Whenever a suit is brought, the statute before cited permits the defendant to

tender the debt and the costs which have accrued, and to have the amount tendered struck out of the plaintiff's declaration. The practice differs somewhat, accordingly as the tender is made before or after a suit is pending, but the effect of it upon the substantial rights of the parties is the same. The design of the statute undoubtedly was, that the statutory remedy should accrue as soon as the right of a common law tender was suspended. In other words, until suit actually brought, the common law tender was efficacious as a defence, and when the suit was commenced the right under the statute accrued. The case relied upon by the plaintiffs here, if sound, introduces a new class not within either of these rules. It holds that there is a period, before the right to make the statutory tender arises, when the old common law tender is inefficacious, unless the debtor submit to an additional burden, not imposed by his own contract, or any statute. The decision rests solely upon the moral equity of the case—that the debtor should reimburse to the creditor expenses necessarily incurred by reason of the neglect of the former punctually to perform his obligations. With due deference I submit that the case of *Retan* v. *Drew* is a departure from settled principles, and is not sustained by authority.

The revised statutes provided *that if after appearance by the defendant* the plaintiff be nonsuited, or discontinue his suit, &c. the defendant should have judgment for costs. In the case of *White* v. *Smith and others*, (4 *Hill*, 166,) the plaintiff voluntarily discontinued his suit, before an appearance by the defendant; but after the latter had retained an attorney and incurred expenses about defending the suit. The supreme court, upon the authority of *Robinson* v. *Taylor*, (12 *Wend.* 191,) and as I conceive upon the equitable considerations to which they yielded in *Retan* v. *Drew*, held that the defendant was entitled to costs. The court for the correction of errors reversed the decision, (7 *Hill*, 520,) and laid down the doctrine that the right to his costs in suits at law depends in all cases upon the statute alone. The defendant not having appeared before the discontinuance, he was not within the provisions of the statute giving costs. The principle which that case established is applicable to and

Hull *v.* Peters.

should govern the one before us. Costs are recoverable, not simply because their recovery is just, but because the statute gives them. There is no statute giving a creditor the expenses of preparing to bring a suit, as such. Until a suit be actually commenced, the statute knows no such thing as costs. When an action is pending, and not until then, they become an incident to the litigation. I am of the opinion, therefore, that the tender of the debt, in this case, was sufficient, without paying the plaintiff's costs.

There is another circumstance, independent of what has been said, which will justify a denial of this motion. One of the issues made by the pleadings was, whether the defendant knew, when he made the tender, that any expenses had been incurred about the institution of a suit. The general verdict for the defendant finds this issue for him. It also appears that ignorance of the amount of the original judgment upon which this suit was brought, was the reason given on the part of the plaintiffs for refusing the tender. The plaintiffs, as we have seen, must rest their claim to costs in addition to their debt, upon the equities of their case. In this view it was most clearly their duty to have apprised the defendant of this additional claim. They should not have placed their refusal of the principal debt upon untenable ground; thus misleading the defendant. They could not expect that he would offer to pay a claim, of the existence of which he was ignorant. Under such circumstances, they should not be heard to set up this latent claim for costs, to defeat what was otherwise a legal and sufficient tender. It was decided in *Haskell* v. *Brown*, (2 *Fairf. Rep.* 258,) and I have no doubt correctly, that a trustee could not be so defeated. I am of the opinion that judgment should be entered for the defendant on the verdict.

MULLETT, P. J. concurred.

MARVIN, J. dissented.

Judgment for the defendant.