# SUPREME COURT.

## E. T. Schenck agt. Fancher & Long.

After service of a copy of the complaint, and no answer setting up a counter-claim is put in, the plaintiff has the right to *discontinue* his action without leave of the court. But this cannot be done by merely *serving a notice* of discontinuance; an *order* must also be entered. (*See to the same effect Averill* agt. *Patterson*, 10 *How. Pr. R.* 85.)

If an action is discontinued before service of a notice of appearance, although after an actual retainer, the attorney of the defendant is *not entitled to any costs*. (*This follows the case in the court of errors of Smith* agt. *White*, 7 *Hill*, 520.)

*Fonda Special Term, June,* 1856.

MOTION by defendants to dismiss complaint, for unreasonable neglect in proceeding in the cause.

The action was commenced by service of a summons on the defendant Fancher, unaccompanied by a copy of the complaint. The defendants retained an attorney,—but before service on the plaintiff of a notice of appearance, although after the retainer, the plaintiff served on the defendant Fancher, a notice of the discontinuance of the suit, without, however, entering an order of discontinuance. The defendants' attorney served, by mail, on the plaintiff a demand of a copy of the complaint; and, after waiting forty days, made this motion.

DUDLEY & PLANTS, *for defendants.*
E. T. SCHENCK, *in person.*

PAIGE, Justice. Where a copy of the complaint is not served with the summons, and the plaintiff fails to serve a copy of the complaint within twenty days after a written demand, the defendant may at once move, under § 274 of the Code, for dismissal of the complaint. (§ 130 *of Code*, 5 *How. Pr. R.* 124.)

In this case, as no answer had been put in setting up a coun-

Schenck agt. Fancher & Long.

ter-claim, the plaintiff had the right to discontinue his suit without leave of the court. But this could not be done by merely serving a notice of discontinuance, without the entry of a rule or order to that effect.

It was decided, in *Averill* agt. *Patterson*, (10 *How. Pr. R.* 85,) that the practice of requiring the entry of a rule of discontinuance, which prevailed before the adoption of the Code, was still in force. (*See* § 469 *of the Code, and rule* 90.)

The plaintiff in this case, having omitted to enter an order of discontinuance, his notice to that effect was ineffectual to discontinue the suit. The defendant Fancher is, therefore, regular in making this motion.

If the plaintiff had entered an order of discontinuance, the defendant's attorneys would not, under the decision of the court of errors in *Smith* agt. *White*, (7 *Hill*, 520,) have been entitled to costs. That case decides, that if a suit is discontinued before service of a notice of appearance, although after an actual retainer, the attorney of the defendant is not entitled to any costs. A contrary decision was made in *Foster* agt. *Bowen*. (1 *Code Rep. N. S.* 236; *Code, Voorh.* 4th ed. 509.)

An order for discontinuance must be entered, and the plaintiff must pay the defendants' attorneys' costs, allowed by the 307th section of the Code, and $7 costs on this motion.