Raiford v. Governor, use, &c.

RAIFORD *vs.* GOVERNOR, USE, &c.

[DEBT ON SHERIFF'S BOND—PLEA OF TENDER.]

1. *Costs accruing after tender.*—Where a tender of the full amount claimed is made after suit brought, and refused, and the costs are paid by the defendant up to the time of the tender ; and, under the plea of tender, the money is brought into court on the day of trial, and paid to the plaintiff,—this does not discharge the defendant from the costs accruing after the tender.
2. *Charge on question already decided by court.*—A charge to the jury upon a question which has been submitted to the court, and by it correctly decided against the defendant, although unnecessary and objectionable, is not a ground of reversal in favor of the defendant.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was founded on the appellant's official bond as sheriff of Perry county ; the breach assigned being, that said Raiford, as sheriff, sold under execution certain personal property belonging to Alfred Berry, (who was the defendant in execution, and for whose use this suit was brought,) without

having it present at the time and place of sale, and thereby caused it to sell for an inadequate price. The bill of exceptions states, that "this cause coming on to be tried, the defendant pleaded, among other things, that on the 27th day of April, 1853, after the bringing of this suit, he tendered to the said plaintiff the sum of $100.50, in good and lawful money, on account of the demand and damages sued for, and being the amount due to him, (which money said defendant brings into court,) and that he had been ready and willing, ever since the date of said tender, to pay said sum to the plaintiff; that on the same day and year he had also paid the costs which had accrued in said cause up to the date of said tender, and up to the time of the payment of said costs." In support of his plea, the defendant proved all the facts stated, and paid the sum tendered to the plaintiff's attorney; and the plaintiff conceded that he did not claim any more damages. The only question was, whether the plaintiff, under these facts, was entitled to recover the costs which had accrued subsequent to the tender; "and this question being submitted to the court, the court decided, that said facts did not exempt the defendant from the costs so accruing, and directed that the same should be taxed against the defendant; to which ruling of the court the defendant excepted." The court also charged the jury, "that if they believed the evidence, they must find the issue between the parties on the plea of tender in favor of the plaintiff; and to this charge also the defendant excepted." These two rulings of the court are the only matters assigned as error.

I. W. GARROTT, for the appellant, cited the following cases: Roberts v. Lambert, 2 Taunton, 284; Zeevin v. Cowell, *ib.* 203; Tidd's Practice, vol. 1, p. 619; Chitty's General Practice, vol. 3, p. 281; Retan v. Drew, 19 Wendell, 304; Woodruff v. Trapnall, 7 English, 640; Smith v. Anders, 21 Ala. 782; 9 Bacon's Abr. 340.

WM. M. BROOKS, *contra,* cited Jackson v. Law, 5 Cowen, 248; Hubbard v. Chenango Bank, 8 *ib.* 88; Fulton v. Pilton, 16 Ohio, 457; Green v. Shutliff, 19 Vermont, 592; 9 Bacon's Abr. 321–5; Retan v. Drew, 19 Wendell, 304; 21 Ala. 782.

RICE, C. J.—According to the common law, a plea of tender *after suit bought* was, as a plea, no bar in a court of law. But, as it was just that a defendant, who had not made a tender *before action brought*, should have an opportunity of satisfying the debt for which an action had been commenced, and of protecting himself from the costs which might accrue subsequent to the time when he availed himself of that opportunity, the practice of giving leave to bring money into court upon the common rule was introduced, for the sake of giving that opportunity and that protection. That rule was seldom granted, without requiring the payment of all the costs which had accrued when it was applied for. Part of the rule is, that unless the plaintiff shall accept of the money brought into court, *together with costs to the time of bringing it in*, in full discharge of the action, the said money is to be paid to the plaintiff, and to be stricken out of the declaration; and upon the trial, the plaintiff shall not be permitted to give any evidence as to said money. If the plaintiff accepts the money as the full amount due, the action is, of course, at an end; but he may deny that it is sufficient to satisfy his demand, and go on to trial.—9 Bacon's Abr. (edition of 1846), 321, 340, 345; Murray v. Windley, 7 Iredell's Rep. 201.

In the present case, the tender was made after action brought. There was no rule to bring the money into court. The money was not brought in, until about two years after the tender, nor until the day on which the tender was pleaded and the trial had. The only question to be tried was, whether, upon the undisputed facts presented, the defendant was exempted from liability for the costs which accrued after the tender. That question was "*submitted to the court*," and was correctly decided by the court against the defendant. Nothing then remained for the jury to try. But the charge of the court upon the question which had been *submitted to it*, and which had been correctly decided by it, although unnecessary and objectionable, could not possibly have injured the defendant, who is the appellant. That charge, therefore, does not entitle him to a reversal of the judgment. If he had paid all the costs which had accrued up to the time *he paid the money into court*, there would have been no controversy. Not having done that, and not having paid the money in

under any rule of court, his mere tender and payment of the costs due at the time of the tender did not exempt him from liability for costs afterwards accruing.

Judgment affirmed.