RUDULPH vs. WAGNER.

[ACTION ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *Waiver of objection to plea of tender.*—If issue is joined on a plea of tender, without objection to its sufficiency, the plaintiff can not be heard to insist that the plea was not filed in time, or that it was not accompanied by a payment of the money into court at the first term.

2. *Sufficiency of tender.*—If the complaint claims interest only from the 1st January, although the debt was due before that day, the plaintiff can not be heard to insist that a tender of the principal, between the day on which the debt matured and the 1st January, was not sufficient, because it did not include the interest which had then accrued.

3. *Same.*—A tender of the entire amount due, including interest, at any time between the maturity of the debt and the commencement of suit, stops the interest, and discharges the debtor from the costs of suit.

4. *Same.*—As a general rule, an actual production and proffer of the money is essential to constitute a valid tender; but, if the debtor is ready and willing to pay, and is only prevented from producing the money by the creditor's declaration that he will not receive it, this dispenses with an actual production of the money.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by F. H. Wagner, against John B. Rudulph, to recover the sum of $210, alleged to be "due from the defendant to the plaintiff for four hundred and twenty bushels of corn, which plaintiff sold and delivered to defendant, at fifty cents per bushel, in the month of December, 1856, together with interest thereon from the 1st January, 1857." "When the cause was called for trial," as the bill of exceptions states, "the defendant put in a plea of the general issue; and the parties consented that a regular plea of the tender of $133 25 before suit brought should be considered as then filed; and the defendant, at the same time, paid that sum of money to the clerk, in open court. The plaintiff made no objection

Rudulph v. Wagner.

to the plea being filed at the trial, but insisted that the money should have been paid into court at the first term. Issue was joined on both of these pleas."

The only evidence offered by the plaintiff consisted of the defendant's answers to interrogatories propounded to him under the statute; which, after stating that, about the 16th December, 1856, he received from plaintiff "two hundred and sixty-five bushels, two pecks and one quart of corn," at the stipulated price of fifty cents per bushel, continued as follows: "I owed the plaintiff, for said corn, the sum of $132 77; and about christmas, 1856, through a friend who acted as my agent, I tendered to plaintiff the amount which I owed him for said corn, estimating the quantity and price as aforesaid. He refused to accept said tender, and I hold the amount aforesaid for him, which I am ready and willing to pay. Upon these facts, I am advised, and therefore answer, that I owe the plaintiff nothing for said corn, and owed him nothing at the commencement of this suit, but that I hold said money for him." The defendant then introduced a witness who testified, "that some time between the middle and last of December, 1856, as agent of the defendant, and having in his pocket more than $150 of defendant's money in gold, with a similar sum in paper, he went to the plaintiff for the purpose of tendering the amount due for the corn mentioned in defendant's said answers; that he had previously made a calculation of what defendant owed plaintiff for said corn, estimating the quantity at between two hundred and sixty and two hundred and seventy bushels; that he did not remember the precise amount of the debt according to his estimate, but his best recollection was that the amount was between $134 and $135, although his memory on the point was indistinct; that he included no interest in his estimate of the amount due; that at the time above mentioned, as defendant's agent, he offered plaintiff the amount of the debt according to his said estimate; that he had the money in his pocket at the time, and told plaintiff so, and was ready and willing to produce it; that the plaintiff refused to receive it, and, in consequence thereof, he

did not actually produce and show the money to plaintiff."

"This being all the evidence in the cause, the court charged the jury, that if they believed all the evidence, they should find the issue on the plea of tender for the plaintiff; also, that if they believed the evidence contained in the defendant's answers to the interrogatories, the plaintiff was entitled to recover the amount of the corn sold and delivered, at the price agreed on, with interest from the time of delivery.

"The defendant excepted to each of these charges, and then requested the court, in writing, to instruct the jury, 'that in order to constitute a good tender, it is not necessary that the money should be actually produced, if the party making the tender is ready and willing to pay the same, and is about to produce it, but is prevented by the creditor declaring that he will not receive it.' The court refused this charge, and the defendant excepted."

The charges given, and the refusal of the charge asked, are now assigned as error.

BAINE & NESMITH, for appellant.

WATTS, JUDGE & JACKSON, contra.

R. W. WALKER, J.—1. If the plaintiff desired to question the sufficiency of the plea of tender, either because the plea itself was not filed in time, or because the money was not paid into court at the first term, he should have objected to the *plea*, and had his objection passed upon by the court. He did not do this, but joined issue on the plea; and the cause was regularly tried on that plea, with the general issue. We must, therefore, consider that a regular plea of tender was duly filed, accompanied by a delivery of the money to the clerk of the court, as required by section 2245 of the Code. Besides, it appears that the plea, accompanied by a delivery of the money to the clerk, was filed before any default had been entered by the plaintiff; and if the latter had objected to it, on the ground that the money was not paid into court at the first term, we do not perceive that there would

have been any force in the objection.—Woolsey v. M. &.
C. R. R. Co., 28 Ala. 539–540.

2. We think that the court erred in both of the charges
it gave to the jury. The answers of the defendant, which
furnished the only evidence offered by the plaintiff of his
demand, show that, "about the 16th December, 1856,"
the defendant purchased and received corn of the plaintiff,
amounting, at the price agreed on, to $132 77; and that
"about Christmas, 1856, through a friend who acted as
his agent, he tendered to the plaintiff *the amount which he
owed him*, estimating the quantity and price as aforesaid."
The first objection which is made to the proof of a ten-
der, is, that it shows only a tender of the principal amount
for which the corn was sold, $132 77; the interest on the
same from the time of sale to the time of the tender not
being included. The plaintiff does not, in his complaint,
claim interest on the account, except from 1st January,
1857. Can he now insist, that a tender of the principal,
at a date prior to the 1st January, 1857, was not a tender
of all that was then due? We do not think that he can.
Although the debt may have been due on the 16th De-
cember, it was competent for the parties to contract that
interest should not be demandable, if the debt should be
paid at any time before the 1st January; and according
to the allegations of the complaint, that was the character
of the contract which the parties made.

Moreover, the bill of exceptions shows, that the only
other evidence introduced on the trial was the testimony
of a witness for the defendant, who stated that, "some
time between the middle and last of December, 1856,"
he tendered to the plaintiff the amount which he (the
witness) estimated the defendant owed the plaintiff; and
that, to his best recollection, the amount was $134 or
$135. Now, if the principal sum due on the 16th Decem-
ber, 1856, was $132 77; and at any time between the
middle and last of the same month, the defendant, by his
agent, tendered the plaintiff $134 or $135, it is plain that
the amount thus tendered was sufficient to cover the en-
tire debt, both principal and interest. It is true, the wit-
ness asserts that, in his estimate of the amount of the

debt, he included no interest. But his estimate may not have corresponded exactly with the estimate which was made by the defendant himself; and if, in point of fact, the witness, as the agent of the defendant, tendered enough money to cover *the actual debt and interest*, the tender was good. That there was some evidence before the jury that he did so, cannot be doubted. As there was some evidence tending to show that the defendant had tendered a sum sufficient to cover both principal and interest, it is plain that (even if on the pleadings the plaintiff could insist that his demand bore interest prior to 1st January, 1857,) the court erred in the charge given, unless, indeed, the second objection which is made to the tender proved is well founded.—City Council v. Gilmer, 33 Ala. 116, 134; Peebles v. Tomlinson, 33 Ala. 337.

3. This second objection is, that the tender was not made on the day the debt was due, but afterwards. Whatever may be the rule in reference to contracts for the delivery of specific chattels on a given day, we think, that where there is a mere dry promise for the payment of money, and the liability of the defendant is restricted to the principal sum and interest, a tender of the whole amount due, principal and interest, at any time after the debt falls due, but before suit is brought, stops the interest, and discharges the party from the costs of a subsequent suit. Whether it absolutely bars the action, we need not inquire.—See Johnson v. Clay, 7 Taunton, 486; Sweatland v. Squire, 2 Salk. 623; 3 Blackst. Com. (Sharswood's ed.) note, p. 304; Hall v. Peters, 7 Barb. 331, 334; Haughton v. Leary, 3 Dev. & Batt. 21; 2 Parsons Contr. 152–3; Tracy v. Strong, 2 Conn. 659; Day v. Lafferty, 4 Pike, 450; 2 Greenl. Ev. § 607; Raiford v. Governor, 29 Ala. 382; Smith v. Anders, 21 Ala. 782.

4. The general rule is, that it is essential to a valid tender that the money be actually produced and proffered to the creditor. But it is well settled, that the production of the money is dispensed with, if the party is ready and willing to pay the same, and is about to produce it, but is prevented by the creditor's declaring that he will not receive it; and the court should so have instructed the jury.

Ala. and Miss. Rivers Railroad Co. v. Sanford & Reid.

2 Greenl. Ev. § 603; Hazard v. Loring, 10 Cushing, 267; Sands v. Lyon, 18 Conn. 18; Appleton v. Donaldson, 3 Barr, 381; 3 Blackst. Comm. note, p. 304.

Judgment reversed, and cause remanded.