# Pyron *et al. v.* Lemon.

*Bill in Equity by Creditor to set aside Deed as Fraudulent.*

1. *Insolvent debtor ; what evidence will not uphold conveyance by, to his children.* When an insolvent debtor conveys land to his sons about the time they reach their majority, the deed can not be upheld on the evidence of the sons, who are without visible means, and who testify that the land was paid for in labor and services rendered by them, without stating the kind of labor, or its value, by the month or year.

[Pyron et al. v. Lemon.]

APPEAL from Pike Chancery Court.

Heard before Hon. H. AUSTILL.

This was a bill in chancery, filed by A. Lemon, against Marcus, James, and W. M. Pyron. The bill alleged that the complainant recovered a judgment against W. M. Pyron in the courts of Georgia, on which execution was regularly issued ; that all the parties were, at that time, citizens of Georgia ; that while this judgment was in full force and unreversed, Pyron, who had no property out of which the judgment could be collected in Georgia, purchased a tract of land (describing it) in Pike county, Alabama, and took a deed to it in the name of his wife ; that W. M. Pyron and wife made a deed to this land to his two sons, about the time they became of lawful age, and shortly afterwards came to Alabama, and entered into possession of it ; that this deed was voluntary, and made with intent to hinder, delay and defraud said W. M. Pyron's creditors, and to put said land beyond their reach ; that in 1871, Marcus and James Pyron sold said land to W. R., and W. A. Head, giving the latter a bond to make titles thereto on payment of the purchase-money, and representing to them that the debt due complainant by W. M. Pyron, and all the said Pyron's financial troubles had been settled ; that " said Heads were mislead by these representations, and had been notified of complainant's claim against the land." The bill prayed that an account be taken to ascertain the amount unpaid on the land, and that it be decreed to complainant, and the land sold for its payment. The answer denied the recovery of the judgment against W. M. Pyron ; admitted that he owned no property in Georgia, and averred that Marcus and James M. Pyron bought the lands and went into possession of them more than ten years before the bill was filed ; that W. M. Pyron occupied them as the tenant of Marcus and James M. Pyron ; admitted the sale to W. R. and W. A. Head, but denied that they made any misrepresentation to them ; denied all charges of fraud. The evidence for the complainant showed that he recovered a judgment in the County Court of Henry county, Georgia, a court of record, against W. M. Pyron ; that said Pyron was greatly embarrassed financially, and that James and Marcus could not have bought land worth two thousand dollars at the time of the alleged sale to them by their father, W. M. Pyron ; that they lived with him and constituted part of his family ; that the sons brought the property of the father from Georgia to Alabama, and the latter soon followed, leaving numerous debts unpaid ; that Marcus and James Pyron said their father intended to make deeds to the land, conveying it to them, to prevent his cred-

[Pyron et al. v. Lemon.]

itors from getting it ; that he did not intend to pay his cred-
itors ; that W. M. Pyron said he left Georgia because he had
exhausted all his property there, and was " being crowded
by debts ;" that Marcus and James Pyron did not set up any
claim to the lands described in the bill until the sale to W.
R. and W. A. Head occurred.   The testimony of the defend-
ants was to the effect that J. M. and M. A. Pyron bought the
property in controversy from W. M. Pyron for $2,000, execu-
ting their notes for it, which they paid in labor and services
rendered to W. M. Pyron at his saw mill in Chilton county,
Ala., for the years 1870, 1871 and 1872 ; that the sale and
purchase was made in good faith, without any intention of
hindering or defrauding any of the creditors of W. M. Pyron ;
that the land was worth $1,500, at the time it was sold to W.
R. and W. A. Head for that amount.   The complainant also
proved the regularity of the proceedings on which the judg-
ment was founded by the statutes of Georgia, which are set
out *in extenso* in the record, but which need not be inserted
here.   The Chancellor declared the complainant entitled to
subject the balance due by the Heads to the payment of the
debt due him, and afterwards ascertained the amount due to
him from W. M. Pyron, and from W. A. and W. R. Head to
James M. and Marcus A. Pyron, and directed this last sum
of money to be paid to the register, and by him paid to the
complainant, and if default should be made in payment, that
the land be sold to pay it.   This decree is assigned as error.

J. M. Falkner, and R. M. Williamson, for appellants.   (No
brief on file).

Parks & Hubbard, for appellee.

STONE, J.—The Chancellor found, as a fact, that the deed
of conveyance made by Wm. M. Pyron and wife, to his two
sons, was fraudulent as against his existing creditors.   We
are not clearly convinced that in this he erred.   On the con-
trary, we think the weight of the evidence is decidedly against
the *bona fides* of the deed.   When an insolvent debtor, as
Wm. M. Pyron is shown to have been, conveys a tract of
land to his two sons, about the time they attain to lawful
age, and who are without visible means, and constitute a
part of his family, it requires much clearer evidence of pay-
ment of the purchase-money, to uphold the transaction, than
is found in this record.   But this case is much stronger in
its circumstances.   The only evidence of a consideration
paid is the testimony of the two sons, who testify separately,
that they paid for the land—two thousand dollars—in labor

for the said Wm. M., from the year 1870 to the year 1872, inclusive ; and each testifies in substantially the same language.　On cross-examination each testifies, " that the land was paid for in labor and services rendered by me and [the other brother] as stated in my answer to the third direct interrogatory, and I can give no other or further description of the payments than that already referred to."　Not a word said about the price per month, or year, of their services, nor whether they worked as mechanics, or common laborers. There is much other testimony tending to impeach the *bona fides* of this transaction.　It can not be upheld.—*Harrell v. Mitchell*, 61 Ala. 270.

The regularity of the recovery and judgment on which this proceeding is founded, is fully shown in the statutes of Georgia, copied in the record.

Affirmed.