# Shelby *et al. v.* Tardy, and Tardy *v.* Shelby *et al.*

*Bill in Equity to declare Resulting Trust and to Remove Cloud on Title.*

| 84 | 327 |
|----|-----|
| 93 | 561 |
| 84 | 327 |
| 99 | 643 |
| 84 | 327 |
| 102 | 274 |
| 84 | 327 |
| 105 | 267 |
| 84 | 327 |
| 129 | 625 |

1. *Partial relief to complainant.*—To entitle the complainant to a decree, the material averments of the bill must be proved substantially as alleged; but he may have partial relief, when he proves only a part of his claim, unless the failure to prove it all makes a material variance; and this relief may, in ordinary cases, be granted under the general prayer.

2. *Resulting trust in favor of wife, in lands purchased by husband.*—A resulting trust in favor of the wife, in lands purchased by the husband in his own name, may be declared and established in equity, on proof that she furnished the purchase-money, or the part which was in cash; but, as to the second installment in this case, the testimony of the wife and her witnesses, closely related to each other, is not sufficient to establish her ownership of the money, as against a subsequent purchaser from the husband, under the rule declared in the cases cited.

3. *Parol trust in lands.*—A trust in favor of the wife, in lands purchased by the husband in his own name, cannot be established by oral evidence as to his intention to hold the title in trust for her.

4. *Delivery of deed to grantee, or to his attorney.*—As a general rule, a deed can not be delivered conditionally, to be held as an escrow, either to the grantee, or to his attorney; but this rule does not apply where the deed is incomplete on its face—as where it is signed by the husband only, and shows on its face that it was also to be signed by the wife.

5. *Cancellation of deed as cloud on title.*—When the wife files a bill to establish a resulting trust in lands purchased by the husband in his own name, and subsequently sold and conveyed to a third person, and only proves her ownership of the first installment of purchase-money paid in cash; though she is entitled to relief to the extent of this payment and her claim is superior to the rights of the purchaser, she can not have the husband's conveyance to him cancelled as a cloud on her title.

APPEAL from Madison Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill was filed by Mrs. Annie S. Tardy against her husband Clarence Tardy and David D. Shelby, and sought

to have a resulting trust in her favor declared in certain lands bought by her husband, and to remove a cloud on the title thereof caused by a contract for the sale of said lands to said Shelby entered into by her husband and Shelby.

R. W. WALKER and R. E. SPRAGGINS, for Shelby.
JOHN D. BRANDON and IRVINE WHITE, for Mrs. Tardy.

STONE, C. J.—There is but one bill in this case—that of Annie S. Tardy against Shelby, and against complainant's husband, Clarence Tardy. The object and prayer of the bill are to have it declared that Clarence, the husband, acquired and held title to the lands in controversy in trust for complainant, his wife, either as a resulting or constructive trust, and to have Shelby's claim of title vacated and removed, as a cloud on the said Annie's title. She alone is actor in this suit, she alone prays relief, and, as the pleadings stand, only such relief can be granted, as is necessary to secure to her the right she has shown herself entitled to. And even she can succeed, only to the extent that her averments are supported by admissions in pleadings, or by proofs.—*Cullum v. Erwin*, 4 Ala. 452; *Gilman v. N. O. & Selma R. R. Co.*, 72 Ala. 566; *Trimble v. Farris*, 78 Ala. 260. But it is not necessary to a valid decree that the relief shall be co-extensive with the claim set up in the bill. If the proof sustain only a part of the claim asserted, and the proven part fall within the general purview of the averments, and there be no repugnancy between the case made by the proof and the allegations and prayer for relief, the complainant may have relief, if there be a prayer to which it can be referred. A general prayer for relief is sufficient in ordinary cases.—*Shipman v. Furniss*, 69 Ala. 555; *Munford v. Pearce*, 70 Ala. 452; *Flor. Sew. Mach. Co. v. Zeigler*, 58 Ala. 221.

We concur with the chancellor in holding that the thousand dollars, first payment made on the land purchased from Mr. White, was made with money furnished by Mrs. Annie S. Tardy. The testimony satisfactorily establishes this. To this extent the chancellor granted her relief; and he expressed no ruling which, on the question of the land purchase, went beyond this single payment made with her money.

The most severely controverted question arising out of the testimony in this record, is the inquiry, whose money

was used in paying the second installment to Mr. White? The conveyance being made to the husband and not to the wife, the presumption is raised that he, and not she, was the purchaser. And the presumption is strengthened by very many circumstances, not the least weighty of which is the undisputed fact, that he paid the second installment with money furnished him by his mother. Many other corroborating facts are shown, but we will not enumerate them. This presumption, and the effect of this corroborating proof, are claimed to have been overturned by oral testimony, that complainant had loaned her husband eighteen hundred dollars, and the payment by him of the second installment of the land purchase, was only a partial repayment to her of the money thus borrowed. We have no wish to criticise this testimony in detail. Considering the close relationship between the parties and the witnesses, and the strong bias the circumstances tend to show they were laboring under‘ the testimony falls far below the required standard in such cases.—*Hubbard v. Allen*, 59 Ala. 283; *Hamilton v. Blackwell*, 60 Ala. 545; *Thames v. Rembert*, 63 Ala. 563, *Pyron v. Lemon*, 67 Ala. 458; *Gordon v. Tweedy*, 71 Ala. 202; *Lipscomb v. McClellan*, 72 Ala. 151; *Gordon v. McIlwain*, 82 Ala. 247. The proof is not sufficient to show that the second installment was paid with Mrs. Tardy's money. It results that this suit must fail as an effort to establish a resulting trust, and equally as an effort to establish a constructive trust, as to the fifteen hundred dollars, paid in May 1886.—*Danforth v. Herbert*, 33 Ala. 497; *Tilford v. Torrey*, 53 Ala. 120; *Preston v. McMillan*, 58 Ala. 84.

There is some testimony tending to show an intention on the part of Tardy to hold the title in trust for the benefit of his wife, the complainant. Such trust cannot be established by oral proof.—*Patton v. Beecher*, 62 Ala. 579; *Shelton v. Altman*, 82 Ala. 315.

A deed was executed by Tardy, acknowledged and certified and left in the custody of Richardson, to be delivered to Shelby when the latter paid the agreed purchase money, five thousand dollars, in full. Richardson was Shelby's attorney to obtain the title from Tardy. Shelby made arrangements with Richardson, by which the latter undertook to pay Tardy the money when he called for it; and thereupon, at Shelby's request, Richardson delivered the deed to him, and it was recorded. It is contended for appellant that inasmuch as Richardson was Shelby's attorney to obtain the title, a de-

livery to the former was in effect a delivery to the latter, and the deed became an executed conveyance by the delivery to Richardson. The general rule is, that a delivery of a deed to a grantee, or to his attorney, cannot be a delivery in escrow.—*Cherry v. Herring*, 83 Ala. 458; *Flagg v. Mann*, 2 Sumner 486; *Duncan v. Pope*, 47 Ga. 445; *Miller v. Fletcher*, 21 Amer. Rep. 356; Tiedeman on Real Prop. § 815. This is the rule when the deed is perfect on its face. See *Nash v. Fugate*, 32 Grat. 595.

If a deed be not perfect on its face, but shows that some other party or parties are to unite in it before it becomes completely executed, a delivery even to the grantee is not conclusive evidence of delivery, so as to cut off inquiry. The language of the Virginia court of appeals is as follows: "This doctrine, (the doctrine that a deed cannot be delivered to the grantee as an escrow,) is applicable only to the case of deeds which are, on their face, complete contracts, requiring nothing but delivery to make them perfect according to the intention of the parties; and it is not applicable to deeds which, on their face, import that something more is to be done, besides delivery, to make them complete and perfect contracts according to the intention of the parties." *Hicks v. Goode*, 12 Leigh 479; *Ward v. Churn*, 18 Grat. 801; *Wenlinger v. Smith*, 75 Va. 309. This doctrine is stated without dissent in 1 Devlin on Deeds § 315. We think it reasonable, and will adopt it.

The deed in the present case expresses in its body that it is a conveyance by Clarence Tardy and Annie, his wife. At the foot is the signature "C. M. Tardy, (Seal)," and immediately under it a blank with another "(Seal)." Following that is a certificate of acknowledgment of execution by C. M. Tardy, signed by a justice of the peace officially. Immediately under that is a second form of certificate, such as is required for a married woman who unites with her husband in conveying a homestead, filled up with the name "Annie Tardy, known to me to be the wife of the within named C. M. Tardy." This certificate is neither dated nor signed. The delivery to Richardson was not a delivery as a deed completed; and the purchase-money not having been paid, it is not a consummated conveyance, vesting the legal title in Shelby.

There can be no question that Mr. White has a paramount claim and lien on the land for the unpaid installment due him, whether the title remains in C. M. Tardy, or is decreed either to Mrs. Tardy or to Shelby. And neither his right or

his remedy is affected by this suit, for he is not a party to it. Next in order, as the facts appear in the record, is the claim of Mrs. Tardy for one thousand dollars, which is a lien on the land, and may be enforced out of the proceeds, if the sale to Shelby is permitted to stand. So that, to the extent Mrs. Tardy's claim is sustained by proof, it is not shown that she can not obtain full relief, without disturbing the contract of sale from Tardy to Shelby. So far as her bill seeks to vacate the incomplete title made to Shelby as a cloud on her title, it is without merit, as she has neither title nor an equitable right to it. The deed from Tardy to his wife, being made after the agreement of sale to Shelby, and under the circumstances shown, can not affect his rights. With the single exception that Mrs. Tardy has established her right to be paid one thousand dollars out of the land or its proceeds, the relations of Shelby and Tardy remain as they, by their contract, had fixed them. The deed, executed as it was by Tardy, and left with Richardson, is in legal effect in the same condition as when left with him. It is not a legal title in Shelby, but a link in the chain of his claim against Tardy. There is nothing in Mrs. Tardy's rightful claim, or in the relief she shows herself entitled to, which renders it necessary to cancel that instrument, and its cancellation should not have been ordered.

What are the rights of Shelby? In the present state of the proceedings, he can claim only to be let alone, save as the land or its proceeds are subject to the said claims of Mr. White or Mrs. Tardy, as declared above. He avers that he is ready and willing to consummate the purchase, but claims there should be an abatement of the agreed purchase-money, coextensive with Mrs. Tardy's inchoate right of dower. To raise these questions he must become actor, by cross-bill or otherwise, as he may be advised. There is nothing in the present pleadings under which they can be considered. In the event this course is adopted, we suggest some inquiries, without intending to decide them: First, was there a tender made, or a sufficient excuse shown for not making an actual tender?—*Rudulph v. Wagner*. 36 Ala. 698; 7 Wait's Act. & Def. 593; *Park v. Wiley*, 67 Ala. 310; *Frank v, Pickens*, 69 Ala. 369. Second, in estimating the value of Mrs. Tardy's inchoate right of dower, is it to be estimated as of the entire tract, or of that proportion which will have been paid for with her husband's means? Third, is Shelby willing to accept such title as he can obtain from Tardy, leaving Mrs.

[Alexander et al. v. Steele et al.]

Tardy's inchoate right of dower unsettled and uncancelled? *Corson v. Mulvany*, 49 Penn. St. 88. Fourth, is there any question of homestead in the case?—*Moses v. McClain*, 82 Ala. 370.

On the assignments of error made by Shelby, the decree of the chancellor is reversed and the cause remanded. There is nothing in Mrs. Tardy's assignments of error.

Reversed and remanded.