TROW'S PRINTING & BOOK-BINDING CO. *v.* NEW YORK BOOK-BINDING CO.

(*City Court of New York, General Term.*   December 20, 1888.)

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING.

An action commenced by service of a complaint on the sole defendant, where the summons annexed to the complaint improperly contains the name of another joined as defendant, is a bar to a subsequent action for the same cause, the summons in which conforms to the complaint, though by an indorsement on the latter summons the defendant is informed that the former summons was attached to the complaint served with it by a clerical mistake; as such notice does not amount to a discontinuance of the first action, which can be effected only by an order of court.

Appeal from trial term.

Action by the Trow's Printing & Book-Binding Company against the New York Book-Binding Company.   Judgment for defendant, and plaintiff appeals.

Argued before MCADAM, C. J., and EHRLICH, J.

*R. J. Moses*, for appellant.   *Dill, Chandler & Seymour*, for respondent.

MCADAM, C. J.   The plaintiff served a complaint in proper form, but the summons annexed to it, besides designating the New York Book-Binding Company, the proper defendant, improperly included the Provident Book Company, the name of another corporation, as defendant.   The summons was not void on account of this irregularity, for it was amendable, as the name of the defendant improperly named therein might have been stricken out, leaving the action to proceed against the New York Book-Binding Company alone, (Code, § 723; *Gribbon* v. *Freel*, 93 N. Y. 93; Macn. Null. 2, 3, 6;) so that, notwithstanding the erroneous insertion of the name of such other party, the action was effectually commenced against the New York Book-Binding Company, because that corporation was the person intended to be sued, was properly named in the summons, and actually served with process, (Code, § 416.) The action just referred to, and first commenced, will, for convenience of reference, be called "No. 1."   The summons and complaint in the present action, which will be designated for like reference as "No. 2," were served upon the mistaken notion that the process first served might be disregarded by an indorsement which was put on the back of the second summons, calling attention to the fact that the first summons was attached to the complaint served with it "by a mere clerical mistake."   Without deciding whether this notice operated as an estoppel against the plaintiff's further aggressive proceedings in that action, it is clear that the defendant served with the process was not bound to consider that action as at an end; for the notice did not operate as a discontinuance of the action, and did not dispense with the formality of a discontinuance thereof.

The defendant interposed as a defense to this action (No. 2) the plea of the pendency of the action commenced by the service of the first summons, (No.

1.) Code, § 416. The trial judge held this plea to be a defense in bar of this action, (No. 2,) and dismissed the complaint, and the propriety of this determination is before us for review upon an appeal taken by the plaintiffs. The first action, having been effectually commenced, was not discontinued by the indorsement on the second summons, for it is a rule that an action cannot be discontinued by mere notice. An order of court must be entered and served. *Averill* v. *Patterson*, 10 N. Y. 500; *Carleton* v. *Darcy*, 75 N. Y. 375; *Schenck* v. *Fancher*, 14 How. Pr. 95; *Weigan* v. *Held*, 3 Abb. Pr. 462; *Bishop* v. *Bishop*, 7 Rob. (N. Y.) 194; *Wormer* v. *Canovan*, 7 Lans. 36; *People* v. *Tweed*, 63 N. Y. 202. The plaintiff misconceived the practice. When the defendant interposed the plea of the pendency of the former action, the plaintiff could have effectually answered the plea, by the subsequent entry of an *ex parte* order of discontinuance. *Averill* v. *Patterson, supra; Smith* v. *White*, 7 Hill, 520; *Beals* v. *Cameron*, 3 How. Pr. 414. There having been no appearance in action "No. 1," the order of discontinuance would have been granted as of course, and without costs. Id.; *Schenck* v. *Fancher*, 14 How. Pr. 95; *Hull* v. *Peters*, 7 Barb. 331; *In re Butler*, 101 N. Y. 307, 4 N. E. Rep. 518. The plaintiff did not pursue the practice suggested, entered no order of discontinuance and relied upon his notice as effecting a final termination of the first action. It did not produce that result, and the trial judge properly so held. The defense is painfully technical under the circumstances, but we do not feel authorized to depart from settled rules of practice for the purpose of relieving the plaintiff from the irregular position it has assumed. Adherence to precedent is the only safe course to adopt, as departure from it leads to chaos in practice that may be productive of improper results. It follows that the judgment entered on the dismissal of the complaint must be affirmed, with costs.