Bedell *v.* Powell.

———————————

BEDELL *vs.* POWELL.

The order in which proof shall be received, on a trial, is in the discretion of the judge, and his decision cannot be reviewed on error or appeal.

A suit cannot properly be discontinued, after the defendant has appeared, except by the payment or tender of the defendant's costs, and the service of notice of discontinuance.

After a defendant has put in an answer, setting up the pendency of a former action between the parties, for the same cause, and the plaintiff has replied, alledging that the former action had been discontinued prior to the commencement of the suit, it is erroneous for the judge, after the trial of that issue, to allow the plaintiff to enter a rule *nunc pro tunc,* for the discontinuance of the former action, and upon the same being entered and the costs tendered, to overrule the defense of a former suit pending. PARKER, P. J. dissented.

Such an order is not authorized by sections 173 and 176 of the code.

In an action for breach of a marriage promise, the loss of the plaintiff's health is not the direct, natural, and necessary consequence of a breach of the contract; and proof thereof is inadmissible, unless such damages are specially claimed in the complaint. PARKER, P. J. dissented.

THIS was an action for a breach of promise of marriage. The defendant put in an answer setting up several matters of defense, and among the rest the pendency of a former suit commenced by the plaintiff against the defendant, for the same cause of action. The plaintiff replied that prior to the commencement of the present suit, the former action was discontinued; of which the defendant had notice. The cause was tried at the Greene circuit in June, 1849. The jury found a verdict for the plaintiff, for $750. The proceedings at the trial are set forth in the opinion of the court. The defendant, upon a bill of exceptions, moved for a new trial.

*H. Hogeboom,* for the plaintiff.

*L. Tremain,* for the defendant.

WRIGHT, J. One branch of the defense interposed by the answer in this case was the pendency of a former action. The reply denied that an action was pending for the same cause at the commencement of the suit, and alledged that prior thereto such action was discontinued, of which the defendant had notice; thus raising an issue of fact. After the jury had been empanneled, the judge, at the suggestion of the counsel for the plaintiff, and against the objection of the defendant's counsel, decided to first try this issue, thus, as the defendant complains, compelling him to enter upon a part of his defense before the plaintiff had gone through with his case. This, however, is not an error that can be reviewed on a bill of exceptions. The order in which proof shall be received on a trial is in the discretion of the judge; (1 *Cowen & Hill's Notes,* 710 to 720. 3 *Barb. S. C. Rep.* 407;) and is not reviewable on error or appeal. (*People* v. *Baker,* 3 *Hill,* 159. *Rapelye* v. *Prince,* 4 *Hill,* 119. *Lansing* v. *Russell,* 2 *Comst.* 563, and cases cited. 6 *Barb.* 109.)

It was then proved that prior to the 16th of January, 1849, an action for the same cause, was commenced by the plaintiff against the defendant, by the service of a summons and complaint. The defendant, on the day mentioned, employed an attor-

ney to defend. On the 9th of March, a notice of discontinuance of that action was served personally on the defendant, by a deputy sheriff of the county of Greene, who immediately thereafter served the summons and complaint in the present suit. No rule for discontinuance was entered, nor was there any offer to pay, or payment of costs to the defendant. The attorney for the defendant had by letter, prior to the commencement of the second action, informed the attorney for the plaintiff that he had been employed to defend, and he had also commenced drawing papers in the first suit.

By the uniform practice of this court an action could not properly be discontinued without the entry of a rule for discontinuance, and the payment of the defendant's costs. (10 *John.* 367. 1 *Wend.* 13. 7 *Id.* 511.) The rule was always indispensable; and formerly, although the defendant had only employed an attorney, and no notice of retainer had been given at the time the rule to discontinue was entered, there must have been an offer to pay, or payment of costs to the defendant; else he might treat the rule as a nullity. (12 *Wend.* 191. 4 *Hill,* 16.) The case however of *White* v. *Smith*, (4 *Hill,* 16,) was subsequently overruled by the court for the correction of errors, (6 *Hill,* 520.) In that case a suit had been commenced, and an attorney employed for the defendant. The plaintiff, before receiving notice of retainer, entered a rule for discontinuance, without paying or tendering any costs, and commenced a second suit against the defendant for the same cause, to which he pleaded the pendency of the first suit in abatement; and it was held that the defendant not having appeared in the first suit until after the second was commenced, was not entitled to costs, and that the rule formed an answer to the plea; otherwise, had the defendant appeared in the first suit before entry of the rule.

The rule, therefore, has always been requisite, and when the defendant has appeared, tender, or payment of costs, to legally discontinue an action. The code of procedure makes no specific provision on the subject; nor do the present rules of the court. The code however recognizes the defense, (§§ 144, 147,) and provides that when the rules and practice of the court in civil ac-

---

Bedell *v.* Powell.

---

tions are consistent with it, they shall continue in force, subject to the power of the court, to relax, modify or alter the same. And the 92d rule is as follows: "Where no provision is made by statute or by these rules, the proceedings are to be according to the customary practice, as it has heretofore existed in the supreme court."

To discontinue the first action, then, it was necessary that a rule should be entered; or if the practice of formally entering common rules is now abolished, and a notice to the party substituted, the costs of the defendant, there being an appearance, should at least have been tendered or paid; and so the judge seems to have decided. But there was neither a rule nor an offer to pay, or payment of costs; and this branch of the defense, as the proof stood, was established. The court was trying an action while a former action for the same cause was pending and undetermined.

To relieve from this embarrassment the judge, after the issue had been tried, allowed the plaintiff to enter a rule at the special term he was then holding, for the discontinuance of the former action, *nunc pro tunc* as of the 3d of March, 1849, and to pay or tender five dollars for costs in the former action, and decided that upon such rule being entered, and payment, or tender made, to overrule the defense of a former action pending. Thereupon such a rule was entered, the costs tendered and refused by the defendant, and the trial was directed to proceed, on the other issue.

Thus summarily was this branch of the defense disposed of by the court; a defense which if it did not reach the merits, at least should have been controlling on the question of costs. It was a ground for demurrer, (*Code* § 144,) and not appearing on the face of the complaint in the second action, the objection was properly taken by answer, (§ 147.) Had a demurrer been interposed, and decided in the defendant's favor, the statute would have given him costs of the trial. The objection being taken by answer, and the issue proved, had the plaintiff been nonsuited or his complaint dismissed, costs would have followed. To permit the plaintiff to manufacture a state of facts, *nunc*

*pro tunc*, relieving her from a voluntary error persisted in up to the trial, can scarcely be said to be just or equitable, though the defense may have been technical. It was a defense that the defendant had the right to interpose, and if established, to insist upon, as a bar to the action. The plaintiff chose to take issue upon it. The order directed to be entered *nunc pro tunc* to save the plaintiff from the effect of an error voluntarily made, which might have been remedied, but though pointed out was persisted in to the end, was not authorized by §§ 173 and 176 of the code. No such proceeding is contemplated by those sections. It is urged that it was a matter of discretion with the judge, and therefore not reviewable on appeal. But a discretion not reviewable should be exercised soundly. It should not be so wielded as to immediately cut off a party from the attainment of a clear legal right. We were told, also, on the argument, that such an error (if it were one,) as it could not by possibility prejudice the defendant, can furnish no ground for a new trial. But did it not prejudice? It stripped the defendant of a branch of his defense, a branch in the view of the court fatal at the time, to the plaintiff's recovery, unless summarily removed and stricken from the issues to be tried.

And how can we tell that that preparation was made to try the cause upon its merits that otherwise would have been made, had not the defendant relied for success on the preliminary issue? On the case as presented we think the judge erred.

Whilst examining the sister and principal witness for the plaintiff, it was proposed to prove by her, that the health of the plaintiff was impaired in consequence of the breach of the promise of marriage. This proof was objected to by the counsel for the defendant, but the objection was overruled, and the proof received. The complaint contained no special allegation of such damage; and it cannot be said that the direct, natural and necessary consequence of a breach of the contract was to impair the health of the plaintiff. (12 *Wend.* 64.) Unless special damages are averred and stated in actions of this character, evidence of damage should be confined to that which is the direct, natural

and necessary consequence of the breach. The proof was therefore inadmissible.

Other exceptions were taken by the defendant, but as a new trial must be granted, for the reason stated, it is unnecessary to particularly examine them.

The judgment of the circuit court must be reversed, and a new trial ordered, with costs to abide the event.

WATSON, J. concurred.

PARKER, P. J. dissented.

New trial granted.

[ALBANY GENERAL TERM, May 3, 1852. *Parker, Watson,* and *Wright,* Justices.]