Mason, J.
This case comes before the court on appeal from a judgment of the supreme court on a demurrer to the plaintiffs’ reply.
The complaint is upon a promissory note. The answer sets up a former suit upon the same cause of action, pending at the time of the commencement of this action. The plaintiff alleges in°his reply, that the former suit was discontinued by a notice in writing to that effect served upon the defendant before the answer in this cause was verified or served upon the attorney of the plaintiffs.
To this reply the defendant demurs and states the following causes of demurrer: 1. The plaintiffs do not show in and by said reply that the former action mentioned in the answer was ever discontinued. 2. The reply is insufficient in not averring that the former action was discontinued by order or rule to that effect entered in said cause, and notice thereof served on the defendant. 3. The reply is insufficient in not showing that the costs in the former action were paid or offered to be paid: and 4. That the reply is insufficient, because it admits that the former suit was pending at the commencement of this action. And it is not sufficient to aver that it has been discontinued since that time. I will consider these objections in the inverse order from that in which they are stated. As to the fourth and last objection, it is not well taken. The rule is well settled with us, that upon a plea or answer of the defendant showing the pendency of the first suit, it is competent for the plaintiff to discontinue the first suit, and a replication of such discontinuance is a good answer to the plea. (Marston v. Lawrence & Dayton, 1 *502 John. Cases, 397; 1 Barn. & Cress., 649; Beals v. Cameron, 3 How. Pr. R., 414; 4 Hill, 166.)
The third objection, that the reply does not allege that the costs of the former suit were paid, is not well taken. It has been often decided that a rule or order of discontinu•ance entered after the appearance of the defendant is a nullity, without the payment of costs. (10 John., 367; 1 Wend., 13; 12 Id., 191; 4 Hill, 167; 7 Wend., 511; 7 Hill, 521). .It was expressly held, however, by the court of errors in the case of Smith v. White (7 Hill, 520), that the rule of discontinuance was effective to discontinue the suit without the payment of costs if entered before the defendant had appeared in the suit.
In the case under consideration, there is nothing in the pleadings to show that the defendant ever appeared in that suit, and I infer that there was no appearance, as the reply alleges that the notice of discontinuance was served on the defendant himself, instead of an attorney. The remaining objection is, that a notice of discontinuance is ineffectual to discontinue the suit without a rule or order to that effect entered in the cause. The practice was well settled in the supreme court of this state, up to the time of the revolution produced by the Code of Procedure, that a rule of discontinuance must be entered; without such rule all efforts at discontinuance were ineffectual. (Burrill's Pr., 148, 383; Graham's Pr., 603, 604; 10 John., 367; 1 Wend., 13; Id., 511; 12 Id., 191; 4 Hill, 167; 13 Barb., 185.) The Code makes no specific provision on the subject, nor do the present rules of the court. The 469th section of the Code, however, provides that when the rules and practice of the court in civil actions are consistent with it, they shall be in force, subject to the power of the court to relax, modify or .alter them. And by the 90 th rule of the court, it is provided that where no provision is made by statute, or by the rules, the proceedings shall be according to the customary *503 practice as it has heretofore existed in the court of chancery and supreme court.
The long settled practice'of entering rules of discontinuance, is certainly consistent with the practice under the Code of Procedure, and the continuance of the practice is, it seems to me, preserved in the most explicit terms, by the 469tli section of the Code, and the 90th rule of the supreme court. Such is the construction put upon this section and this rule by the supreme court in Bedell v. Powell (13 Barb., 183, 185). There is very great fitness in this practice. The discontinuing of a suit by the bare service upon the party or his attorney of a notice is certainly very loose and dangerous practice to sanction. The notice may be lost; indeed it is knovvn that such notices are seldom preserved with any degree of care, and a judgment may be obtained by the plaintiff after service of such notice, and the defendant know nothing of it. If in such case the defendant should chance to die before the plaintiff seeks to enforce his judgment, I do not see how, under ordinary circumstances, his personal representatives could resist his claim. There is no hardship in requiring the plaintiff to enter an order when he desires to discontinue his action, and then the records of the court will always show the facts, it will close the door against frauds, and will leave no opportunity for dispute between the parties.
The clerk of each county in the state is required, by rule four of the court, to keep a book for the entry of such orders, and I think we should require the order to be entered in all cases. If I am right in the views above expressed, that it was necessary that an order should be entered to discontinue the first action, then the reply is bad, as no such fact is alleged, and the court below erred in overruling the demurrer.
Gardiner, J.
The replication in this case states, that the suit alleged in the answer to be pending for the same cause of action, “ was discontinued by notice in writing to *504 that effect.” Under the former practice a suit could only be discontinued by rule, or by matter of record. (Graham's Prac., 603.) Section 469 of the Code of Procedure, abolishes the previous practice, inconsistent with that act. But the Code is silent as to the manner in which a suit shall be discontinued. It is presumed, therefore, that the old practice must obtain in this case, as expressly recognized by the section above referred to. The plaintiffs do not, as their counsel seems to suppose, aver a discontinuance simply, but follows up that averment, by showing the manner in which it was effected. As this was insufficient the demurrer was well taken. The judgment should be reversed.
All the judges concurring,
Judgment reversed.