## SUPREME COURT.

CATHARINE COOKE, executrix, &c. of THOMAS B. COOKE, dec'd agt. ELIZA BEACH, administratrix, &c. of EPHRAIM BEACH, deceased, and others.

It is a general rule, applicable to cases in equity as well as actions at law, that a plaintiff has a right to *discontinue* his action *as a matter of course, on the payment of costs.* There may be circumstances which will control this right, as where, from the state of the pleadings or proceedings in the cause, the adverse party has acquired some absolute rights which a discontinuance would destroy or impair.

Where, in an action to foreclose a mortgage, a stipulation was entered into by the plaintiff and the defendants, that the testimony of a witness taken on a former trial should be used as evidence, subject to the conditions mentioned in the stipulation—the witness having died since the former trial and pending the taking of his testimony *de bene esse,*

*Held,* that an *ex parte* order subsequently entered by the plaintiff *discontinuing* the action and offering to pay the defendants' costs, was *authorized and regular,* although the effect of the discontinuance might·be to deprive the defendants of the stipulated testimony in a subsequent action ·for the same cause which the plaintiff had commenced.

*Albany General Term, March,* 1863.

GOULD, HOGEBOOM and MILLER, *Justices.*

APPEAL from an order of Justice GOULD, made at special term in November, 1860, denying defendants' motion to ·set aside and vacate the plaintiff's order of discontinuance of April 24, 1860, &c.

In November, 1860, the defendants moved, at special term, to vacate an order of discontinuance entered *ex parte* by the plaintiff in this action, and to restore the said action to its condition before the entry of said order, and to stay proceedings in a second action between the same parties, alleged to be for the same cause of action. A former action had been commenced (in 1853) against the plaintiff's testator, by Lindsley Beach, one of the defendants in this action, to declare a mortgage, held by the former against Ephraim Beach, upon premises owned by Lindsley Beach, satisfied, and to cancel the same. The cause had been referred to a referee, and a large sum,

over $12,000, was claimed to be due upon the said mort-
gage, which was originally given for $52,000. Evidence
had been taken in said action, and Ephraim Beach had
been examined therein. Thereupon the holder of the
mortgage, being the plaintiff in this action, commenced
this action (in June, 1857) to foreclose the same, and to
obtain a decree for the sale of the mortgaged premises.
No pleadings had as yet been interposed. Thereupon the
defendants in this suit applied for and obtained an order
for the examination of Ephraim Beach, *de bene esse*, as a
material witness for the defendants, who was dangerously
ill. He had been examined and given material testimony
in the suit first instituted and tried before the referee.
His examination under the order, *de bene esse*, was com-
menced, but only partially proceeded in on account of his
severe indisposition, and thereupon the parties entered
into a stipulation that the evidence given before the re-
feree should be deemed as taken under said order, *de bene
esse*, and might be read on the trial of said action with
the same effect as if so taken, subject to objection to the
admissibility of said witness and the competency of his
testimony. This stipulation was entered into on the 11th
of August, 1857. The witness, Ephraim Beach, subse-
quently, and on the 22d of September, 1857, died. Sub-
sequently thereto, and on the 24th of April, 1860, the
plaintiff in this action entered in the clerk's office of
Greene county, an *ex parte* order discontinuing said action
on payment by the plaintiff of the defendants' costs, and
on the same day served same, with notice of discontinu-
ance and an offer to pay the costs, on the defendants'
attorney, and tendered to him the costs, which the de-
fendants' attorney declined to receive, and objected to
the regularity of the plaintiff's proceedings, and that the
same was done to get rid of the testimony of Beach. On
the next day (25th April, 1860.) the plaintiff in this action
commenced a new action against the same parties, appa-

rently for the same cause of action, and subsequently served a complaint therein. The defendants, claiming to be aggrieved by the said order of discontinuance, and to be thereby deprived (if it was sustained) of the testimony of Beach, and also that said order was irregular, made the aforesaid motion, at special term, in this action, being the foreclosure action first instituted. The motion was denied, with costs; and thereupon Lindsley Beach and Tuzar Bulkely, two of the defendants, whose premises were affected by said mortgage, appealed to the general term from the order denying said motion.

JOHN H. REYNOLDS, *for plaintiff, respondent.*
LYMAN TREMAIN, *for defendants, appellants.*

By the court, HOGEBOOM, Justice. I think the order of the special term should be affirmed.

1. The general rule is, that a plaintiff has a right to discontinue his action as a matter of course, on the payment of costs. (*Bedell* agt. *Powell,* 13 *Barb.,* 183, 185, 186.) And this rule applies as well to cases in equity as to actions at law. (1 *Barb. Ch. Pr.,* 225.) There may be and there are circumstances controlling this right—as where, from the state of the pleadings or the proceedings in the cause, the adverse party has acquired some absolute rights which a discontinuance would destroy or impair. (*Seaboard & Roanoke R. R. Co.* agt. *Ward,* 18 *Barb.,* 595; *Van Allen* agt. *Schermerhorn,* 14 *How. R.,* 287.) In this case we have not the pleadings before us, nor are we advised by the papers on the motion that there are any set-offs or counterclaims which the defendants intend to interpose. Certainly they have acquired no fixed rights against the plaintiff, by the pleadings or proceedings in the cause, which a discontinuance of the cause would defeat. It is said, indeed, that the discontinuance will deprive the defendants · of the testimony of Ephraim

Beach. This is probably so ; but I do not see that this is one of those consequences to prevent which the defendants have a right to ask our interposition. If the testimony of.Beach had been taken and the cause had come to trial, and the plaintiff had offered no evidence, her complaint would have been dismissed, Beach's testimony lost, and a new suit liable to be commenced. If Beach had been in fact examined, *de bene esse*, there would have been nothing to prevent a discontinuance of the action by the plaintiff thereon, and in such event Beach's testimony would have fallen with the cause. And I do not think the defendants ought to be placed in a better situation than if the testimony had in fact been taken *de bene esse*. Indeed, the stipulation is that it should have that precise effect—no more. The defendants should have provided for the contingency which has occurred, by perpetuating the testimony of Beach. At all events, it does not seem to me that we ought to prevent (if we have the right to prevent) the discontinuance of the action, except upon compliance with the condition suggested.

2. I am inclined to think the mode of discontinuance regular, to wit : by an *ex parte* motion to the court, or an *ex parte* order in the clerk's office. (1 *Barb. Ch. Pr.*, 228, 566, 581 ; *Cummins* agt. *Bennett*, 8 *Paige*, 79, 81.) If the former be the true mode, then so long as the party has the right to a discontinuance in the one mode or the other, perhaps it is a mere matter of practice, and not reviewable upon appeal, which mode a party shall be permitted to pursue. And except in a case of abuse of discretion, I think the decision of the special term should be held conclusive on that point, and the appeal not available, inasmuch as the order affects no substantial right. If the right to the order is not absolute, but depending upon equitable considerations, I have already attempted to show that those equities do not exist in this case in favor of the defendants to such an extent as

to justify our interference. Moreover, if the proceedings taken by the plaintiff have not been effectual to work an absolute discontinuance, I do not see why, in the second suit, the defendants may not take advantage of it by answer, alleging the existence and pendency of a former suit in abatement of the second action.

I think the order of the special term should be affirmed, with $10 costs.