Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wyatt & Trimble,* for appellants.   *Samuel Cohen,* for respondent.

BRADY, J.   The defendant was not obliged to state whether the agreement upon which his counter-claim rests was in writing or not.   In the language of the court of appeals, it was sufficient for him to allege the contract and breach, without any specification of the evidence thereof.   *Tuttle* v. *Hannegan,* 54 N. Y. 686.   The plaintiff in the case sought to recover damages for a breach of a contract, and on the trial offered in evidence a written instrument in the form of a bond containing the agreement.   It was objected that the action should have been brought thereon, but the court admitted it.   It was held that no error was committed, and for the reason stated.

The purchases and sales alleged to have been made under the agreement are not stated in detail, but nevertheless the cause of action is stated with sufficient definiteness to make apparent what the defendant claims.   It is stated generally, it is true, and in such a mode as to show that there are items constituting it.   That, however, does not give the right to the remedy which may sometimes be invoked of making the averment more definite and certain.   It can only be sought when the allegations are so indefinite that the precise nature of the charge or defense is not apparent.   Here there is no doubt of the nature of the defense.   The plaintiff is not, however, remediless, inasmuch as he may ask for the particulars, and obtain them.   *Tilton* v. *Beecher,* 59 N. Y. 176.   In this case the border line between these remedies seems to have been reached, and illustrates how slight a difference may exist between the conditions requiring the application of the one or the other.   It appears to be settled that, if the charge or defense be definitely stated, although the statement involves details, it is sufficient to put the party to an application for a bill of particulars, and compels him to resort to that remedy, although the result of either application would be the same.   See *Jackman* v. *Lord,* 9 N. Y. Supp. 200; *Tilton* v. *Beecher, supra.*   The order appealed from should for these reasons be reversed, with $10 costs, and the disbursements of this appeal.   All concur.

---

STEPHENS *v.* HALL *et al.*

*(Supreme Court, General Term, First Department.   June 6, 1890.)*

PRACTICE IN CIVIL CASES—NOTICE OF MOTIONS.
   Code Civil Proc. N. Y. § 799, providing that where a party has appeared a notice or other paper required to be served in an action must be served on his attorney, is imperative, and a defendant who appears in the action is entitled to notice of a pending motion to strike his name from the complaint, though the motion was noticed for hearing before he appeared.

Appeal from special term, New York county.

Action by Melvin Stephens against Dorothy Humphryes, Robert Lewis Humphryes, Margaret E. Humphryes, his wife, Mary Elizabeth Hall, Thomas Hall, her husband, and Matthias Trimmer.   Defendant Thomas Hall moved to vacate an order striking his name from the complaint, and from an order denying such motion he appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J. E. Berry,* for appellant.   *Smith & White,* for respondent.

BRADY, J. This is an action of foreclosure in which it is claimed that the defendant Thomas Hall was inadvertently made a party. He appeared, however, but not until after a motion had been noticed to have his name stricken from the complaint as a person having no interest in the controversy, and one against whom no claim was made. At the time, however, the motion was made, the court was advised of the appearance, not by the counsel for the plaintiffs, but by the advocate of one of the other defendants. No notice was taken of this, for aught that appears, and the motion was granted. This was followed, as might well be expected, by a motion on behalf of Hall to vacate the order granted on the plaintiff's motion as wholly unauthorized, which was denied. Section 799 of the Code, however, provides that, where a party has appeared, a notice or other paper required to be served in an action must be served upon his attorney; but, if he has not appeared, service of a notice or other paper in the ordinary proceedings in the action need not be made upon him, unless he is actually confined in jail for want of bail. The plaintiff should have notified the defendant Hall and the court, at the hearing of the pendency of the motion, to strike his name from the complaint after his appearance and answer, and the court would then have had the whole subject within its grasp. He did not do so, but went on as if there were no possible objection to the proceeding affecting Hall without notice to him. This he could not do. The Code is imperative,—the notice must be served. The object of the provision relating to this subject in the case is expressly designed to prevent proceedings without notice to the party to be affected by them. The initiation of the motion before the appearance did not dispense with notice to the defendant Hall, inasmuch as his appearance was regular. It might and would doubtless have affected the terms upon which the discontinuance would have been allowed, as it was really unnecessary. The plaintiff seems to have been remiss also in not serving, under section 423 of the Code, a notice of the object of the action, and that no personal claim was made against the defendant Hall. It should be remarked that, if the notice to Hall had been given after his appearance of the pending motion, there would in all probability have been no necessity for an appeal, and its expense avoided. The tending to create reasons for appeals which should not become necessary in conducting actions, as contemplated by the Code, is increasing, and the general term subjected to an amount of labor quite unnecessary. There are many meritorious appeals, of course. It is not against them that aught can be said but praise for the professional devotion that prompts them, but the vexatious appeals resting on speculation alone, and with no chance of success, are to be censured. Here it is perfectly patent that the defendant Hall was entitled to notice, under the circumstances, and it is so substantially conceded by the respondent, and yet the appeal is resisted, and thus justified, although the whole trouble and delay could by a proper concession have been avoided. The order appealed from was wrong, and must be reversed, with $10 costs and disbursements of this appeal. The case of *Bank* v. *Whitmore*, 7 N. Y. St. Rep. 456, which the respondent thinks sustains the order appealed from, is not at all in point. There the party was allowed to appear, and was heard and concluded by the result; here he was not heard. All that was done was a suggestion by one of defendants' counsel, and as an *amicus curiæ*, that the defendant Hall had appeared. Ordered as suggested. All concur.