60  543
7ap587

SMITH BRIGGS, RESPONDENT, *v.* ROBERT B. GARDNER,
APPELLANT.

*Practice — the order of proof is in the discretion of the trial court — the defense of
another action pending — conclusive presumption that an attorney is authorized
to sue.*

In an action brought to recover upon a promissory note, the plaintiff called the
defendant as a witness; upon whose cross-examination, and while the case was
still with the plaintiff, the defendant's attorney attempted to establish by such
witness a defense to the action, based upon the statute of limitations; the ques-
tions relating to such defense were excluded by the justice.

*Held,* that the order of proof was in the discretion of the justice, and that his
rulings thereon would not be reviewed on appeal.

In an action in a Justice's Court, the defense of another action pending between
the same parties for the same cause having been interposed, it appeared that
such an action was pending and undetermined in a court of record upon the
same note and between the same parties. The defendant, however, testified
that he had left the note with an attorney for collection, but had given him
express directions not to bring suit upon it, and did not know that it had been
sued upon, until the trial took place in the Justice's Court.

*Held,* that, for the purposes of the defense pleaded, the court would presume that
the attorney had authority to sue in the court of record, and that his client
would be bound by such presumption until that action was duly discontinued.

APPEAL by the defendant Robert B. Gardner from a judgment of
the Tompkins County Court, entered in the clerk's office of said
county on the 27th day of October, 1890, affirming, the judgment
of a Justice's Court in favor of the plaintiff for $103.31; with notice
of an intention to bring up for review the order of said County Court
directing said judgment.

The action was brought to recover upon a promissory note, to
which there was interposed the defenses of the statute of limitations
and the pendency of a former action between the same parties
involving the same subject-matter.

*George R. Burchell* and *William J. Montanye,* for the appellant.

*David M. Dean,* for the respondent.

HARDIN, P. J.:

Plaintiff, to maintain the action, called as a witness the defendant,
and after asking him several questions in respect to some of the

payments, the counsel for the defendant propounded to him the following question : " Q. Did you ever make the last payment indorsed on this note ? " This was objected to by the plaintiff as incompetent and improper ; subject of defense in action ; not being a subject inquired into in the direct-examination. The objections were sustained and the appellant now insists that an error was committed ; and the counsel for the defendant propounded another question : " Q. Did you make any further payment to any party, after 1881, to apply on this note in question ? " To this question the same objections were taken and the objections were sustained. Thereafter the witness stated that he made a payment of six dollars and sixty-seven cents February 17, 1875 ; the next was five dollars and the next ten dollars ; thereupon the following question was put to him : " Q. Do you swear positively that you have not paid anything to apply on this note in question, since you paid the $15.00 in 1881 ? " This question was objected to the same as before, and the justice sustained the objections. At the time these questions were propounded the case was with the plaintiff. After the plaintiff rested, no effort was made on the part of the defendant's counsel to propound the questions already mentioned, presumably the justice would have allowed answers to have been given to them. Apparently he excluded the answers at the time the questions were propounded upon the idea that it was no part of the plaintiff's case, and, on the contrary, the evidence sought tended to support the defense which had been set up in the answer of the statute of limitations. We are not prepared to say that the justice erred in the exercise of his discretion, and we are of the opinion that we ought not to reverse the judgment because of the rulings made by the justice. (*Neil* v. *Thorn*, 88 N. Y., 275.)

In *Bedell* v. *Powell* (13 Barb., 183) it was held that " the order in which proof shall be received on a trial is in the discretion of the judge, and his decision cannot be reviewed on error or appeal."

The pendency of a former suit, brought in the name of the plaintiff in the Supreme Court, against the defendant, upon the same note prior to the commencement of the suit in the Justice's Court, was established. The summons and complaint and answer in that action were produced ; there was no proof given of any discontinuance of that action. The defense of the pendency of a

former suit was sufficiently stated in defendant's answer. It seems the action was commenced by C. D. Watkins, an attorney for the plaintiff, and the complaint was upon the same cause of action mentioned in the complaint in this case. The complaint in the Supreme Court was verified by the attorney. The plaintiff admits that he left the note with Watkins, the attorney, "for him to write to Gardner to see if he would pay it or what he would do, but not to sue it." He testifies that he gave Watkins "express direction not to commence the action," and that he was not informed of the action until the trial of the case in hand.

In *Hamilton* v. *Wright* (37 N. Y., 502) it was held "where an attorney appears for a party, the general rule is that a retainer will be presumed, and the adverse party, having no notice to the contrary, may act upon such presumption;" and in *Brown* v. *Nichols* (42 N. Y., 26) it was held that where an attorney appears without authority that the judgment obtained "cannot be attacked for want of jurisdiction in any collateral proceeding, and is binding upon such defendant." And in the celebrated case of *Denton* v. *Noyes* (6 Johns., 297) it was held that where an attorney "without authority from the defendant confessed a judgment which was entered up," the judgment was regular.

In *Vilas* v. *P. & M. R. R. Co.* (123 N. Y., 440) the doctrine of *Denton* v. *Noyes* was approved.

In the case in hand it appears that no judgment had been entered in the action in the Supreme Court; however, applying the principle derived from the cases to which reference has been made, it would seem that the act of the attorney in commencing an action, he having received the note for collection from the plaintiff, and the plaintiff being presumed to have authorized the action, should bind the plaintiff until the former action was discontinued. If the former action, had been determined adversely to the plaintiff, although he had not given authority to bring the action, though he had no notice of the action, he would have been liable for the costs of the action. (*Hamilton* v. *Wright*, 37 N. Y., 502.) Under such circumstances, we think the former action should be held a bar to the present action, as there had been an appearance in the former action, it could be discontinued only by an order

entered with the clerk and the payment or tender of costs of the action. (*Averill* v. *Patterson*, 10 N. Y., 500.) At the close of the evidence in the case it appears the defendant "moved for a nonsuit on the ground that there is another action pending and undetermined in the Supreme Court, laid or located in Tioga county, N. Y., and said action was commenced and pending and undetermined before the said action was, and is now pending and undetermined." This motion for a nonsuit was denied, and the defendant duly excepted. The denial of that motion was erroneous. (*Blake* v. *Barnes*, 26 Abb. N. C., and note, 218.) For the error thus committed by the justice, his judgment and the judgment of the County Court of Tompkins county should be reversed, with costs.

MARTIN, J., concurred; MERWIN, J., concurred in the result,

Judgment of the County Court of Tompkins county and of the Justice's Court reversed, with costs.