ELIAS S. HIGGINS, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Where, pending an action to compel the determination of a claim to real property, plaintiff died leaving a will devising the subject-matter of the suit, *held*, that in the absence of evidence that the devisee had renounced his interest, a motion to substitute him as plaintiff, and to compel him to proceed with the action was properly granted; that he was the " successor in interest" within the meaning of the provision of the Code of Civil Procedure (§ 757), requiring the court to compel a continuance by a successor in interest in case of the death of a sole plaintiff, if the cause of action survives.

*Coit* v. *Campbell* (82 N. Y. 509), distinguished.

(Argued November 28, 1892; decided December 13, 1892.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 31, 1892, which affirmed an order at Special Term substituting plaintiff Eugene Higgins as plaintiff, and directing the continuance of the action by him.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Aaron Pennington Whitehead* for appellant. The right of substitution and continuance of the action is not so absolute as to preclude the court, in the exercise of a legal discretion, from denying the application, and where there has been unreasonable delay or delay which is injurious to the defendant, it will be denied. (*Coit* v. *Campbell*, 82 N. Y. 509; *Lyon* v. *Park*, 111 id. 350.) The order appealed from should be vacated on the ground that it would deprive Eugene Higgins, the appellant, of a new trial of his action, to which he is entitled under the provisions of the Code. (Code Civ. Pro. §§ 1525, 1646.)

*D. J. Dean* for respondent. The appellant herein is the successor in interest of the said Elias S. Higgins, deceased, in and to the subject-matter of the suit. (*Green* v. *Martine*, 1

Civ. Pro. Rep. 129 ; 21 Hun, 137 ; *Coit* v. *Campbell*, 82 N.
Y. 509 ; *Schlichter* v. *S. B. S. M. Co.*, 35 Hun, 349.) Where
a sole plaintiff dies and the cause of action survives or con-
tinues the defendant is entitled as a matter of right to an
order compelling the action to be continued by his repre-
sentative or successor in interest.    (Code Civ. Pro. § 757 ;
*Holsman* v. *St. John*, 90 N. Y. 645 ; *Green* v. *Martine*, 21
Hun, 136 ; *Coit* v. *Campbell*, 82 N. Y. 509 ; *McLachlin* v.
*Brett*, 27 Hun, 18 ; *Pierson* v. *Morgan*, 44 id. 517 ; *Lyon* v.
*Park*, 111 N. Y. 350 ; *Mackay* v. *Duryea*, 22 Abb. [N. C.]
284 ; *In re Palmer*, 115 N. Y. 493 ; *Lehman* v. *Kock*, 18
Civ. Pro. Rep. 301 ; *Benedict* v. *Cobb*, 17 id. 245 ; *Lyon* v.
*Park*, 16 id. 109.)

*Per Curiam.*    The plaintiff brought this action to compel
the determination of a claim to certain real property in New
York city, upon which he had constructed certain manufac-
turing works, and the trial resulted in a verdict of a jury for
the defendants.    On plaintiff's motion the judgment entered
for the defendants was vacated, pursuant to certain provisions
of the Code of Civil Procedure, and a new trial was ordered ;
the plaintiff paying all the costs in the judgment.    There-
after, and before the action was brought to trial, he died and
the defendants then applied for and obtained an order substi-
stuting Eugene Higgins as the plaintiff's successor in interest,
as plaintiff in the action and directing him to prosecute the
action pursuant to the provisions of the order which had
vacated the previous judgment and had ordered a new trial of
the issues.

The General Term have affirmed this order and, upon the
further appeal to this court of Eugene Higgins, the substi-
tuted plaintiff, it is argued that section 757 of the Code did
not cover the case of a devisee ; nor intend that he should be
compelled to litigate the title to real property against his will.
We think the court has not erred in granting the defendants'
application.    Under the plaintiff's will, Eugene Higgins was
the devisee of the plaintiff's interest in the property affected

and, by section 757 of the Code, the court was authorized, upon a motion, to compel the action to be continued by the successor in interest of the deceased plaintiff. The words "successor in interest," which are used in the section, refer, obviously, to such a case as this. In *Coit* v. *Campbell* (82 N. Y. 509–516), an action to reach certain lands, the title to which was in defendant Palmer, a motion by plaintiff was denied, which sought to have the executors of Palmer, deceased, substituted as parties to the action in his stead. In the opinion of this court, it was said, and with reference to the language of this section, "there is nothing to show that Palmer's executors are his successors in interest in this litigation. It does not appear that he devised the land in question to his executors, or that they have any interest in it."

We have no doubt that Eugene Higgins was such a successor to the plaintiff's interest as was intended to be provided for in the Code and there is nothing to show that he had renounced his interest as devisee under the will. It may be further observed that there appears to be much reason in support of the order. The defendants had recovered a judgment upon issues, which presented for determination, on the one side, the plaintiff's claim to the possession of the land and, on the other side, the defendant's claim to an estate in fee. The judgment having been vacated, and that determination thus lost to the defendants, they should not be deprived of the new trial which was ordered as to the issues presented. If it is of advantage to them that the title should be determined in this action, they have a reasonable, as well as a clear, right to demand its continuation by the person who has succeeded to and represents the plaintiff's interest.

The order should be affirmed with costs.

All concur.

Order affirmed.