HALLETT v. HALLETT.

(Common Pleas of New York City and County, Special Term. November 12, 1894.)

1. PLEADING—SHAM ANSWER.
    Where the answer does not deny any of the allegations of the complaint, but merely alleges that on a certain day the payee of the note sued on began an action against defendant, the maker, and that such

action is still pending, and it appears that, after such action was commenced, plaintiff therein assigned the note and cause of action to the present plaintiff, such answer will be stricken out as sham.

2. PRACTICE IN CIVIL CASES—DISCONTINUANCE—ASSIGNEE OF PLAINTIFF.
    Where the payee of a note, after commencing an action brought against the maker, assigns the note and cause of action, the assignee becomes "successor in interest" of the payee, and may discontinue the action.

Action by Harriet D. Hallett against Theodore Hallett on a note. Plaintiff moves to strike out defendant's answer as sham and frivolous. Granted.

James W. Treadwell, for plaintiff.
L. B. Bunnell, for defendant.

GIEGERICH, J. This is a motion to strike out as sham and frivolous the answer in this action. The complaint is upon a promissory note made by the defendant to the order of one Emeline D. Hallett, who, it is alleged, transferred the same to the plaintiff on or about the 12th day of May, 1894. The answer does not deny any of the allegations of the complaint, but merely sets up that on and prior to the 30th day of April, 1894, said Emeline D. Hallett was the owner and holder of said note, when an action was brought by her in this court against the defendant to recover the amount thereof, which action, it is alleged, is still pending, and which pendency the defendant pleads as a defense and bar to any recovery by the plaintiff as against the defendant in this action. It appears conclusively from the papers submitted that the defendant never appeared, demurred, or answered in the action brought by said Emeline D. Hallett; that, after the commencement thereof, the cause of action was duly transferred and assigned to the plaintiff in this action by said Emeline D. Hallett, who subsequently died; that no letters testamentary or of administration have been issued upon her estate, and that said note and cause of action form no part of the estate; that on the 6th day of September, 1894, upon the application of the present plaintiff in this action, and upon proof of the facts above stated, this court made an order discontinuing said action, without costs, which order was duly entered with the clerk of this court, and a copy thereof, together with notice of entry, was personally served upon the defendant on the 11th day of September, 1894; and that, subsequent to such discontinuance, the present action was commenced.

The defendant argues that the first action is still pending; but the authorities do not favor his contention. The note and cause of action having been transferred to the plaintiff, she became the "successor in interest" of the said Emeline B. Hallett. Higgins v. City of New York, 136 N. Y. 214, 32 N. E. 772. As the personal representatives of the latter had no interest in the same, the plaintiff, and not they, was entitled to revive the action (Coit v. Campbell, 82 N. Y. 509, 516, 517; Higgins v. City of New York, supra); but she was not bound to continue the prosecution of the suit brought by her transferrer, and could discontinue the same (Banta v. Marcellus, 2 Barb. 373), without costs, especially as the defendant had never appeared there-

in (Smith v. White, 7 Hill, 520; Averill v. Patterson, 10 N. Y. 500, 502). It thus appearing beyond controversy that the first action had been regularly discontinued when this action was begun, it is self-evident that the allegations of the answer as to the pendency of another action are unfounded in fact. Consequently, the same must be stricken out as sham. Clark v. Clark, 7 Rob. (N. Y.) 276; Roome v. Nicholson, 8 Abb. Pr. (N. S.) 343. Motion granted, with $10 costs.