·(28 Misc. Rep. 311.)

## HOTALING v. SCHERMERHORN.

(Supreme Court, Special Term, Albany County. May, 1899.)

DISMISSAL OF ACTION—AUTHORITY OF COUNTY CLERK.

A county clerk, acting as a clerk of the supreme court, has authority to enter in that court an order of discontinuance of an action, on stipulation of plaintiff's attorney, and affidavit that the defendant has not appeared.

Action by Salinda E. Hotaling against Wilson R. Schermerhorn. Motion by plaintiff to discontinue action. Denied.

This action was commenced in the supreme court on the 3d day of April, 1899, and the place of trial designated in the complaint was the county of Schoharie. Before the defendant had appeared in the action, and on the 21st day of April, 1899, the plaintiff presented to the clerk of the county of Schoharie a stipulation of discontinuance, signed by the plaintiff's attorneys, together with an affidavit by one of the plaintiff's attorneys stating, among other things, that the defendant had not appeared in the action. The clerk of Schoharie county signed an order of discontinuance, and the stipulation, affidavit, and order were filed by said clerk in his office. No application was made by the plaintiff for such order at any term of the court, or to any judge of the court. On the same day notice of the filing and entry of the order was served personally upon the defendant. After the entry and service of said order, another action was commenced by the same plaintiff against the same defendant, different in form, but relating to the same subject-matter; and in this action the place of trial designated in the complaint was the county of Albany. On the 25th day of April an order extending time to answer in the Schoharie county action was received by the plaintiff's attorneys, and in the affidavit accompanying the same the defendant's attorneys stated that they had been retained on the afternoon of the 22d of April. On the 8th day of May, 1899, plaintiff's attorneys received by mail a copy of an answer in the Schoharie county action. On the 17th day of May, 1899, plaintiff's attorneys received notice of trial of the Schoharie county action for the October, 1899, trial term. All the papers so received from the defendant in the Schoharie county action were returned by the plaintiff's attorneys, with notice that the action had been discontinued as stated. Thereafter the plaintiff's attorneys made this motion. and in their notice of motion demanded (1) that an order of discontinuance herein entered in the Schoharie county clerk's office on the 21st day of April, 1899, be and stand as the order discontinuing this action as of the date that the same was entered, and that all proceedings in this action since the making and service of said order be a nullity; or (2) that the answer served herein shall be stricken out as sham, false, and frivolous; or (3) that the plaintiff have leave to discontinue this action.

Krum & Grant, for plaintiff.
Hull & Flannigan, for defendant.

CHASE, J. It is conceded that the old chancery practice authorized the entry of a rule or order by a clerk of that court discontinuing an action, on the application of the plaintiff's attorneys, and proof that there had been no appearance in the action by the defendant.

That practice has undoubtedly been continued in the supreme court, at least in some parts of the state, since the adoption of the Code of Procedure and the present Code of Civil Procedure, by entering such orders with the clerks of the several counties acting as clerks of the court. The attorneys for the defendant insist that a county clerk has no power other than as prescribed by law, and that there is no law in any way expressly authorizing a county clerk to enter an order in an action in the supreme court without special direction of the court; and were it not for the fact that the practice of entering orders of discontinuance, as stated, with county clerks, has been frequently recognized by the courts of this state since the abolition of the court of chancery, I would feel constrained to hold that a county clerk, acting as a clerk of the supreme court, has no authority in any case to enter such an order. Among the reported cases since the adoption of the Code recognizing the practice as stated are the following: Bedell v. Powell, 13 Barb. 183; Cooke v. Beach, 25 How. 356; Cockle v. Underwood, 1 Abb. Prac. 1; Railroad Co. v. Ward, 1 Abb. Prac. 48; Schenck v. Fancher, 14 How. Prac. 95; Cole v. McGarvey, 6 Civ. Proc. R. 306; Averill v. Patterson, 10 N. Y. 500; Carleton v. Darcy, 75 N. Y. 376; McBratney v. Railroad Co., 87 N. Y. 467.

I call attention especially to two of the authorities mentioned, as clearly sustaining the statements made by me herein. The case of Averill v. Patterson was decided after the court of chancery had been abolished, and while we were under the practice laid down by the Code of Procedure. In the opinion in that case, Judge Mason uses this language:

"The long-settled practice of entering rules of discontinuance is certainly consistent with the practice under the Code of Procedure, and the continuance of the practice is, it seems to me, preserved in the most explicit terms by the 469th section of the Code, and the 90th rule of the supreme court. Such is the construction put upon this section and this rule by the supreme court in Bedell v. Powell, 13 Barb. 183–185. There is very great fitness in this practice."

I find, on examination, that, although section 469 of the Code of Procedure was repealed by chapter 417 of the Laws of 1877, the rule of the supreme court referred to remains in substantially the same form at the present time. In 1882 the court of appeals, in the case of McBratney v. Railroad Co., 87 N. Y. 467, refers with approval to Averill v. Patterson. I quote from the opinion as follows:

"The claim that the order was irregularly entered, in that it was entered ex parte, as of course, without application to, and the special direction of, the court, is decided adversely to the appellants in Averill v. Patterson, 10 N. Y. 500."

There has been no change in the constitution, the statutory law, or the supreme court rules, since the decisions of the court of appeals in Averill v. Patterson and in McBratney v. Railroad Co., which materially affects the present discussion, and I conclude that the practice referred to still has the sanction of the highest court of this state. Judge Folger, in Fisher v. Gould, 81 N. Y. 228, in speaking of the practice of the courts, uses this language:

"Doubtless, all matters of practice are in the first instance in the discretion of the courts in which questions of practice arise, when there are no stat-

utory provisions, or provisions by general rules of court, that govern the cases. Yet matters of practice come after a while to be governed absolutely by the custom of the courts, and what is found in any case to have been held by authoritative decisions to be the custom of the courts becomes thus the way in which discretion must go."

This action is not now pending. It has been discontinued. An order discontinuing an action that has already been discontinued would be inconsistent in terms. The relief demanded by the plaintiff should be denied.

I understand the answer in the second action between the parties herein sets up as a separate defense the former action (this action) pending. The validity of the order of discontinuance signed and entered by the clerk can be squarely raised by a motion to strike out of the answer in the second action such separate defense as sham. If I am right in my conclusion herein, such separate defense is false, and should be stricken out on motion. Hallett v. Hallett, 10 Misc. Rep. 304, 30 N. Y. Supp. 946.

For the reasons stated, and also for the further reason that there is no action pending in which costs can be collected, this motion is denied, without costs.