ANGIER et al. v. HAGER et al.

(Supreme Court, Appellate Division, Third Department.   November 15, 1899.)

RIGHT TO DISCONTINUE ACTION ON EX PARTE APPLICATION.

   An action at law to which the answer sets up no counterclaim, nor any affirmative defense, may, by plaintiff's ex parte application, be discontinued by order on payment of costs.

Appeal from special term.

Action by G. Everett Angier and another, as executors of the last will and testament of Mary J. H. Angier, deceased, against Minnie R. Hager, impleaded with another.   From an order refusing to vacate an order discontinuing the action, defendant Minnie R. Hager appeals.   Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edgar T. Brackett, for appellant.
Charles Strauss, for respondents.

PARKER, P. J.   The question presented in this case is whether, in an action at law, when an answer has been served which sets up no counterclaim, nor any affirmative defense, the plaintiff, upon an ex parte application to the court, may be granted an order discontinuing the action upon payment of costs.   The defendant urges upon us that obtaining an order to discontinue is a "proceeding in the action," and that, having appeared, she was entitled to notice of every subsequent proceeding taken.   As authority for that proposition she cites Locthe v. Moeschler, 12 N. Y. St. Rep. 763, and Stephens v. Hall (Sup.) 10 N. Y. Supp. 753.   In the case first cited the proceeding was not to discontinue, but to appoint a. referee, etc.   In the latter case the action was one in equity, and the proceeding was an application to discontinue against one defendant, and to strike his name from the summons, on the ground that he was not a necessary party.   The court at general term in the First department held that an order granting such motion was irregular, it having been made ex parte after the defendant's appearance.   On the other hand, it has been frequently held that, under the circumstances above stated, an ex parte order discontinuing an action, if ·it provides for the payment of costs, is regular and proper.   In Railroad Co. v. Ward, 18 Barb. 595, such an order was held good, even in a case where the defendant had set up a counterclaim, if the motion was made before the time to reply had expired.   ·The subject of discontinuance without notice is there examined at length, and the conclusion reached that it had been the practice long before the Code, both at law and in equity, and was still the practice under the Code, to allow such an order, when the court could see that the defendant's rights were not thereby prejudiced.   The same view seems to have been taken by the court of appeals in the case of Carleton v. Darcy, 75 N. Y. 376, where it is said:

"It is true, as a general rule, that a plaintiff may, upon the payment of the costs of the defendant, enter an order of discontinuance of the action, and

give notice- thereof; and that the cause will be thereby discontinued. Yet the court has always kept, and exercised the right to control such an order, as well as any other order put upon its records. And where circumstances have existed which have made it inequitable that the plaintiff should, of his own head, and without terms, discontinue his action, they have refused his motion to do so altogether, or except on terms, or, where he has entered an order ex parte, have opened it, and made it conform to what was proper under the circumstances."

See, also, In re Butler, 101 N. Y. 307, 4 N. E. 518; Winans v. Winans, 124 N. Y. 144, 26 N. E. 293; Walsh v. Walsh, 35 App. Div. 580, 53 N. Y. Supp. 881.

In Cooke v. Beach, 25 How. Prac. 356, an ex parte order of discontinuance was held regular. See, also, Harrington v. Libby, 6 Daly, 259, 261.

In the case at bar the order secures to the defendant her costs before the action is discontinued, and it is clear that the plaintiff acquires no undue advantage over her because of its allowance. The appellant's claim to vacate it is entirely upon the ground that it was irregular because of having been granted without notice to her. The answer to her argument seems to be that an application to discontinue has never been, and is not now, deemed such a "proceeding in an action" as necessarily requires notice of it to be given. It is analogous to the right to submit to a nonsuit, which, in an action of this character, the plaintiff may do as of right at any time before the case is submitted to the jury. 2 Rum. Prac. 287; Wooster v. Burr, 2 Wend. 295. It is a long-recognized exception to that general rule, and therefore no error was committed by the special term in refusing to vacate it. ·

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.