ANGIER et al. v. HAGER et al.

(Supreme Court, Appellate Division, Third Department. May 15, 1900.)

1. DISCONTINUANCE—TAXATION OF COSTS.
    Where plaintiff secured an ex parte order discontinuing an action on payment to defendant of costs to be taxed, it was the duty of defendant, on receiving the order of discontinuance, to have the costs taxed.

2. SAME—DIFFICULT CASES—EXTRA COSTS.
    Code Civ. Proc. § 3253, provides that there may be an extra allowance of costs in difficult cases. Defendants, living in Saratoga county, gave a note to plaintiff's decedent, who lived in Kings county. An action to recover, brought in New York county, was removed to Saratoga county on defendants' motion, after which plaintiff secured an ex parte order for the discontinuance of the action on payment of defendants' costs to be taxed, who secured an extra allowance of costs. Held, that the question whether or not there should be an extra allowance of costs must be determined on the situation as it was at the time of the discontinuance order, and there was then nothing from which it could be said that the case was difficult or extraordinary, within the meaning of the statute.

Appeal from special term, Saratoga county.

Action on a note by G. Everett Angier and another, as executors, etc., of Mary J. H. Angier, deceased, against Minnie R. Hager, impleaded with Marion MacMaster Platner. From an order allowing defendant an extra allowance of costs, plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and EDWARDS, MERWIN, SMITH, and KELLOGG, JJ.

Charles Strauss, for appellants.
Edgar T. Brackett, for respondent.

PER CURIAM. An extra allowance was granted to the respondent upon the ground that the case was difficult and extraordinary, within the meaning of section 3253 of the Code of Civil Procedure. We are of the opinion that the facts in the case do not sustain the contention of the respondent. The action was upon a promissory note for $2,000, made by the defendant Platner, payable to the order of plaintiffs' testatrix, the original plaintiff in the action. Before

its delivery to plaintiff, it was indorsed by the respondent, and it is conceded by the pleadings that it was so indorsed in order to give the maker credit with the plaintiff. Its due presentment for payment, and due notice to the indorser of nonpayment, were alleged in the complaint, but denied by the respondent in her answer. The plaintiff resided in the county of Kings, the respondent in the county of Saratoga, and the place of trial in the complaint was the county of New York. The respondent, when she served her answer, demanded that the place of trial be changed to Saratoga county. This not being consented to, a motion was made for such change, which was granted. Then the plaintiff obtained from a justice of the court in New York City an ex parte order for the discontinuance of the action, upon the payment to the respondent of her costs to be taxed. This order was served on the respondent's attorney on December 17, 1898. It was claimed on the part of the respondent that this order was not valid, and the main difficulty which the respondent has encountered in the case has arisen from this claim in regard to which she was finally unsuccessful. Angier v. Hager, 45 App. Div. 32, 60 N. Y. Supp. 811. It was her duty, upon receiving the order of discontinuance, to proceed to have her costs taxed. People v. Tweed, 63 N. Y. 202. Whether the case was difficult and extraordinary must be determined upon the situation as it then was. We fail to find anything in the case up to that time from which it may be properly said that the case was either difficult or extraordinary, within the meaning of the statute. It follows that the order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and motion for extra allowance denied, with $10 costs.