## Selina Strauss, executrix, v. The Merchants Loan & Trust Company, executor.

### Gen. No. 11,890.

1. ABATEMENT—*right of defendant to prevent.* The defendant or the personal representative of a deceased defendant in a re-plevin suit may compel the substitution of the executor of the de-ceased sole plaintiff in such replevin suit.

2. ABATEMENT—*order decreeing, of action of replevin, improper.* Upon the death of the plaintiff in an action of replevin, it is im-proper to order that the same abate.

3. CAUSE OF ACTION—*when survives.* An action of replevin sur-vives the death of the plaintiff.

4. APPELLATE COURT—*how far former decision of, binding upon.* The decision of the Appellate Court is not binding upon it except in the case in which it was rendered.

5. FINAL ORDER—*what is.* An order which directs that an action abate on account of the death of the plaintiff therein and denying the application of the defendant to substitute the executor of the deceased plaintiff, finally disposes of the cause and may be reviewed by writ of error.

6. SCIRE FACIAS—*when issuance of, proper.* Scire facias is proper to bring into court the executor of a deceased plaintiff who does not voluntarily seek substitution in an action which survives.

Action of replevin. Error to the Superior Court of Cook Coun-ty; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed April 10, 1905.

WELLS & BOWERSOCK, for plaintiff in error.

JETZINGER, ROGAN & STEVENS, for defendant in error; JOHN S. STEVENS, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

In August, 1901, P. J. Sexton brought suit in replevin against Bernard Strauss in the Superior Court of Cook county, and under the writ were taken and turned over to Sexton six horses, several sets of harness and three coal wagons. Mr. Sexton gave a replevin bond in the usual form in the sum of $3,000, conditioned that he should prosecute his suit to effect and without delay and make return of the property if return should be awarded. The bond was signed by Patrick J. Sexton and John M. L. Sexton.

An ordinary declaration in replevin having been filed by Mr. Sexton, the defendant pleaded *non cepit* and *non detinet*, and general property in himself and also a special property as the holder of a chattel mortgage made by the owner, one Middleton.

March 11, 1904, the suit was dismissed for want of prosecution.

March 19, 1904, a motion was made by the attorneys for the defendant to vacate the order of March 11, 1904, and to reinstate the case. Suggestion of the death of the plaintiff Sexton on October 28, 1903, was also made by defendant's attorney, and it was asked that the Merchants Loan and Trust Company, the executor of his last will, be substituted as party plaintiff in the suit.

These motions were supported by an affidavit alleging excuses for failure on the part of defendant's attorney to be present at the call of the calendar on March 11, 1904, when the cause was dismissed for want of prosecution.

The motions were heard on March 21, 1904, and the following order entered:

"On motion of defendant's attorney, it is ordered that the order of dismissal heretofore entered herein of record on the eleventh day of March, 1904, be and is hereby set

aside and vacated, and said cause reinstated and the defendant suggests the death of the plaintiff herein, *and it is ordered that said suit abate."*

March 28, 1904, the defendant's attorneys moved the court to vacate the order abating the suit theretofore entered, and to substitute the Merchants Loan & Trust Company, executor of the last will and testament of Patrick J. Sexton, as plaintiff, and moved also for an order that a *scire facias* issue in the cause to said Merchants Loan & Trust Company as executor.

April 28, 1904, this motion of March 28, 1904, was denied by the Superior Court, and exceptions taken thereto by the plaintiff in error and duly preserved. Subsequently the defendant, Bernard Strauss, died, and letters testamentary were issued to Selina Strauss, who sued out this writ of error.

There is assigned for error here the order of the Superior Court of March 21, 1904, abating said suit, and the order of March 28, 1904, refusing to set aside said order and substitute the Merchants Loan and Trust Company, executor, as party plaintiff.

We think these orders were erroneous. The question is correctly stated in the brief of defendant in error thus: "Can a defendant or the personal representative of a deceased defendant in a replevin suit compel the substitution of the executor of a deceased sole plaintiff in such replevin suit?" We think the answer to this question should be in the affirmative. A failure of justice might otherwise occur. In a replevin suit more than in any other, perhaps, this danger would be imminent. In a replevin suit the property is taken away from the defendant and a bond substituted. Thereafter the defendant is in effect in the position of a plaintiff seeking his right and remedy through the courts. The nomenclature of the pleadings in replevin suits frequently shows this in itself. The defendant's avowry is in effect a declaration—the plaintiff's declaration being merely formal. To the avowry there are "pleas," not replications, filed. Thus the pleadings are each removed a step

Strauss v. Merchants Loan & Trust Co.

farther on in such cases, and plea, rejoinder and rebutter are the replevin plaintiff's pleadings; while replication, surrejoinder and surrebutter are those of the defendant— an inversion of the usual order. It is not necessary for us to decide whether under the order of March 21, 1904, the defendant in the replevin suit at bar now has or has not a remedy on the replevin bond. Counsel for plaintiff in error insist that he has not, although the condition of the bond is that Sexton "shall prosecute his suit to effect *without delay,* and make return if," etc.

The position of plaintiff in error seems to be that there is no breach of the first condition of the bond, so long as the suit in replevin is pending and undisposed of, and that a suit which is abated by the death of the plaintiff is still pending, and if the contention of the defendant in error is correct, hung up forever, if the plaintiff's personal representative does not choose to appear. This may be true, for it is undeniable that such an abatement under our laws suspends but does not destroy the suit. Mitchell v. King, 187 Ill. 452, p. 459. Whether, however, the condition of the bond to prosecute without delay would not be broken if the plaintiff's personal representative thus refused or neglected to secure substitution, is another question which it is needless for us here to discuss. For the replevin defendant has the moral and we think the legal right to a final disposition of the replevin suit, if he desires it.

That no order should have been entered in this case that the suit should abate, is practically conceded by the defendant in error. Such an order was in the teeth of the statutes of Illinois. Chapter 3, sec. 123, of the Revised Statutes expressly declares that actions of replevin shall survive, and chapter 1, sec. 10, provides that if the cause of action survive, the action shall *not* abate, on the death of a sole plaintiff.

But counsel for defendant in error rightly argue that if no one but the personal representative or heir of a sole plaintiff has the right to be substituted as plaintiff, and with him it is a mere privilege to be exercised or not, at his

election, then the error in ordering that the suit abate is not one which entitles the plaintiff in error to complain. It would not be prejudicial to him. But the refusal to substitute the personal representative of the plaintiff on the ground that such substitution is "his mere privilege to be exercised or not at his election," or on any other ground, we think is distinctly a prejudicial error.

Defendant in error contends that chapter 1, section 10 of the Revised Statutes, which reads as follows: "When there is but one plaintiff * * * in an action, * * * in law or equity, and he shall die before final judgment or decree, such action * * * shall not on that account abate, if the cause of action survives to the heir, devisee, executor or administrator of such decedent, but any of such to whom the cause of action shall survive may, by suggesting such death upon the record, be substituted as plaintiff, * * * and prosecute the same as in other cases," means that only the personal representative or heir or devisee of the deceased plaintiff may exercise the right of substitution given by the statute. We do not agree with this contention. It would destroy the purpose of the act in large measure. No such contention would be made, we think, if the parenthetical clause, "by suggesting such death upon the record," was not in the section, or read, "on the suggestion of such death upon the record." We do not consider that the language used in this clause gives the section any other meaning than the section would have without it, or than it would have if the clause were varied as suggested. "By suggesting such death on the record" is simply an awkward way of saying, "after" or "on the suggestion of death upon the record."

The Supreme Court in Stoetzell v. Fullerton, 44 Ill. 108, speaking of the statute of 1845, concerning abatement, which in its language in this regard is the same as that of 1874, says: "The statute of 8 and 9 William III, Chapter 11, as well as our own, was designed to prevent the abatement in any case where the cause of action would survive

on the suggestion of the death, *which suggestion is a matter of form and may be made by either party."*

We are cited by counsel for defendant in error to Mitchell v. King, 187 Ill. 452, and Rooney v. Moulton, 60 Ill. App. 306.

Mitchell v. King is not in point. To say that the executrix had the *privilege* of suggesting the plaintiff's death and being substituted, is not to say that the defendant had not the *right* to make the same suggestion and compel the substitution.

The opinion in Rooney v. Moulton is not binding on us except in the case in which it was rendered, and so far as it enunciates a different view from that which we here express, is disapproved of. The case was in chancery, and another section of the Abatement Act (17) was construed together with section 10. But the cause did not finally turn at all on the rule stated in the paragraph concerning these sections of the Abatement Act on which defendant in error relies.

Although, as counsel for defendant in error point out, the Pennsylvania case and the New York cases discussed in the briefs, can hardly be considered exactly in point because of different statutory provisions in those states, the language used in them shows that the courts deciding them entertained views as to the question of principle involved similar to ours. Thus, in Reist, Administrator, v. Heilbrenner, 11 Sergeant & Rawle, 131, the court says: "It is quite clear to me that the defendant can by *scire facias* compel the executor or administrator of the deceased plaintiff to appear. If there be none, I see no difficulty in his (the defendant) raising one." And again: "A cause cannot be put out of court where there has been no default. A dead man could not default, and his representatives, before they could be defaulted, must be brought before the court on some process or rule."

In Higgins v. Mayor, etc., 136 N. Y., 214, the New York Court of Appeals, speaking of an order obtained by defendant to an action substituting as plaintiff in said action the

successor in interest to a deceased plaintiff, says: "If it is of advantage to them" (the defendants) "that the title should be determined in this action, they have a reasonable as well as a clear right to demand its continuation by the person who has succeeded to and represents the plaintiff's interests."

It is urged by the defendant in error that there is no such final disposition of the case as to permit the defendant to appeal. The court below denied an appeal, presumably on this ground. If the order is not final so as to be appealable, it is not reviewable on writ of error, it is insisted. But we think that the order is a final one, and that the writ of error lies. It disposed of the case absolutely if it was properly entered, so far as any right or remedy of the plaintiff in error was concerned. The suit by the order of March 21, 1904, which the judgment complained of, on March 28, 1904, refused to disturb and made final, was "abated," and the plaintiff in error was left entirely helpless in this suit for all time, unless the defendant in error should voluntarily come to his relief. We think that this is as much a final order (so far as the plaintiff in error is concerned) as is the dismissal of an appeal or a judgment for costs, although the suit itself *eo nomine* is "suspended and not destroyed," and awaits "final disposition."

It is said also by defendant in error that there is no process available for bringing into the case a new party plaintiff.

If upon the order of substitution which should be made, the defendant in error refuses to enter its appearance voluntarily, as party plaintiff, we see no reason why the prayer of the motion of plaintiff in error that a *scire facias* issue to it to make it such party should not be granted. Reist, Administrator, v. Heilbrenner, *supra*.

A *scire facias* is a writ founded on a matter of record, and tantamount to a summons to court by which the defendant thereto is "made to know" that he is required to appear and show cause why some order of the court should

not be performed by him, or why he should not be held liable to some obligation or liability of which the record remaining in court is the evidence. Coursen v. Hixon, 78 Ill. 339, p. 341. It is hardly to be presumed, however, that on the entry by the Superior Court of an order of substitution in accordance with the judgment of this court, the defendant in error would refuse to appear. It can have no interest as executor adverse to the due administration of its trust according to law.

The order of the Superior Court is reversed and the cause remanded, with directions to that court to allow the motion of plaintiff in error to vacate the order abating the suit, to vacate said order, and to order the substitution of The Merchants Loan and Trust Company, executor of the last will and testament of Patrick J. Sexton, deceased, as party plaintiff, and to take any proper measures to enforce the appearance of such substituted plaintiff.

*Reversed and remanded, with directions.*